UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>DILIGENCE LLC, <br><br>　　　　　Defendant. | Civil Action No. 05-2204 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiffs' motion to seal the case, defendant's motion to maintain the case under seal, and plaintiffs' motion for reconsideration or modification of the Court's November 11, 2005 Order, which stated in part that the entire case file be unsealed. On November 10, 2005, plaintiffs filed their complaint, as well as *ex parte* motions for a temporary restraining order, for expedited discovery, and to seal the entire case file. The Chief Judge of this Court granted plaintiffs' motion to seal the case "at this time" on that date.[1] The case was then randomly assigned to the undersigned. On November 11, 2005, the Court issued an order that stated in part that:

> Upon consideration of the foregoing, and without ruling on plaintiffs' *ex parte* motion for a temporary restraining order or other requests, it is hereby ORDERED *pendente lite* or until further order of this Court, that . . .

---

[1] Chief Judge Hogan added the limiting language "at this time" to the plaintiffs' proposed order.

> 2. plaintiffs shall notify the Court in writing as soon as this Order has been served on the defendant;
>
> 3. the Clerk of the Court shall unseal this case as soon as such written notice is filed and shall then place on the public record all papers previously filed under seal.

On November 17, 2005, plaintiffs faxed a letter to the Court, copied to counsel for the defendant, stating that they had served defendant in accordance with the Order and requesting that the Court stay the part of the Order directing the Clerk of the Court to unseal the case until they could submit a motion for reconsideration. On the same day, defendant filed a motion to maintain the case under seal, citing the fact that plaintiffs had only served the complaint on defendant the day before and the need to maintain the status quo while defendant had a chance to review the documents, pleadings, and motions. In response to the parties' representations and requests, the Court vacated section 3 of the November 11, 2005 Order, and directed that the case remain under seal until further order of the Court.

Plaintiffs filed their formal motion for reconsideration or modification of the Court's November 11, 2005 Order on November 21, 2005. In that motion, plaintiffs conceded that "keep[ing] the entire case file under seal would be cumbersome and perhaps not strictly necessary." Plaintiffs' Motion for Reconsideration at 2. Plaintiffs revised their request to extend only to redacting their complaint and motion for a temporary restraining order and keeping certain affidavits and exhibits accompanying the motion under seal. Id. The plaintiffs alternatively suggest that they also may be able to redact the affidavits and exhibits in question, but that the redacted forms of these documents will be "of questionable value to any reader." Id 3. Defendant has filed no opposition or otherwise responded to plaintiffs' motion for

reconsideration. Based on the parties' representations, the Court anticipates that except for these few documents identified by plaintiffs, all documents filed in this case until this time (pleadings, motions, notices, orders of this Court, etc.) may be unsealed.

As a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); Johnson v. Greater Southeast Cmty. Hosp., 951 F.2d 1268, 1277 (D.C.Cir. 1991) ("strong presumption in favor of public access to judicial proceedings"); United States v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980) (holding that the trial court's discretion to restrict access to court records should "clearly be informed by this country's strong tradition of access to judicial proceedings."). Clearly, as much of the record in this case as possible must be opened as promptly as possible, in light of the both the considerations of public access and the plaintiffs' acknowledgment of the fact that this case does not fit into the extremely narrow and extremely infrequent category of cases (usually criminal cases or grand jury proceedings) requiring that the entire case be kept under seal, and further acknowledging that a redacted complaint, motion for temporary restraining order, and other documents can easily be prepared and publicly filed.[2]  In

---

[2]   In every civil case, at least the fact that the lawsuit exists must be a matter of public record; the docket sheet (or a redacted version thereof) must be a matter of public record; and each filing or, in extreme cases, at least notice of the filing including the title must be a matter of public record. Where redactions are permitted by the Court they must be limited to that which is absolutely necessary.

In this case, there has been some confusion between the concept of maintaining the case file under seal – that is the documents (or portions thereof) filed with the Court and relating to this case – and keeping the case itself under seal. In accordance with the Court's

view of the defendant's pending motion to maintain the case under seal and its expressed interest in the potentially confidential nature of some of the documents currently filed under seal, the parties should meet to discuss the proposed redactions before submission to the Court. Accordingly, it is hereby

ORDERED that on or before January 20, 2006, the parties shall meet to discuss proposed redactions to the plaintiffs' filings and any proposed redactions to the currently sealed docket sheet, court orders, or defendant's filings. The parties will then submit the proposed redactions to the Court. If the parties fail to agree, they shall file a joint report on the same day informing the Court of any areas of dispute, and each side shall file its proposed redactions. The Court will hear oral argument, if necessary, concerning any such disputes on the previously scheduled motions hearing date of January 25, 2006; and it is

FURTHER ORDERED that in future all documents of any nature, including briefs, that contain confidential material a party proposes to keep under seal shall be filed with the Court under seal in an envelope or other container marked with the title of the Action, the title of the court filing which contain the confidential material, and the statement "FILED UNDER SEAL" below the court. Any party filing documents with proposed redactions shall also file a public redacted copy of the documents, or if the redactions are so extensive as to render the document useless to the reader, a notice of the filing of the document under seal.

---

Order and due to a misunderstanding of what it meant to keep the case file under seal, the Clerk of the Court has kept the entire case under seal, rather than merely the documents in the case. The existence of this case has, therefore, not been public. The Court has corrected this error and the case caption is now public, as well as any and all documents placed on the record going forward. The docket sheet and all documents filed prior to today remain under seal pending the parties' joint report in response to this Order.

4

Redactions shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

SO ORDERED.

\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 4, 2006