# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, <br><br> Plaintiffs, <br><br> v. <br><br> DILIGENCE LLC, <br><br> Defendant. | **FILED UNDER SEAL** <br><br> Civil Action No: 05-2204 (PLF) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

ARGUMENT

The presumption under the Federal Rules of Civil Procedure is that discovery should proceed during the pendency of a motion to dismiss. See, e.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery."); Moss v. Hollis, 1990 WL 138531 (D. Conn. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision.").

A party seeking to rebut this presumption bears the burden of demonstrating why the ordinary rule should not apply. The courts typically deny stays of discovery unless the movant can show a strong likelihood of success on its motion, or that proceeding with discovery would

be particularly onerous under the circumstances of the case. "[B]are assertions that discovery will be unduly burdensome[,] or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." People With Aids Health Group v. Burroughs Welcome Co., 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (quoting Continental Illinois Bank & Trust Co. v. Caton, 130 F.R.D. 145, 148 (D. Kan. 1990)).

Here, Defendant moves to stay discovery based on nothing more than the fact that it has also moved to dismiss. Defendant has not shown that it is certain to succeed on its motion, nor that it will suffer any special prejudice from proceeding with discovery while its motion is pending. Plaintiffs, on the other hand, are suffering continuing harm from their inability to ascertain the full extent of Defendant's interference with their activities and to determine whether such interference is continuous.

It is apparent that the real reason Defendant resists discovery is to protect its ultimate client and avoid disclosure of the full extent of its own rather egregious misconduct. This is not a valid reason to stay discovery, and Defendant's motion should be denied.

A.   **Defendant's Motion To Dismiss Is Not Likely To Succeed.**

As shown in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, Defendant's motion is exceedingly weak. Defendant raises no doubt about the fundamental soundness of Plaintiffs' claims, and has apparently accepted that: (1) Plaintiffs have alleged facially valid causes of action, (2) the Court has personal jurisdiction over Defendant, and (3) the Court has subject matter jurisdiction over the action. In the previous motion practice, Defendant has not disputed that Plaintiffs are likely to succeed on their claims. Defendant now prays that the Court will exercise its discretion to dismiss the action under the

doctrine of *forum non conveniens*, while making a frivolous argument that the real party in interest on Plaintiffs' claims is the Bermuda Minister of Finance.

Defendant is unlikely to be successful on its *forum non conveniens* motion because Plaintiffs have brought suit in the place that is plainly most convenient for Defendant, i.e. where Defendant has its headquarters. To the extent there are any relevant witnesses or evidence in Bermuda, these are under Plaintiffs' control and it is Plaintiffs that will bear the cost and burden of transporting them here. Defendant has no office or operations in Bermuda, nor has it identified any non-party witnesses who might be located there. Defendant's witnesses and records are presumably here in Washington, where Defendant's actions were also presumably planned and directed. Washington has a strong public interest in regulating the conduct at issue in this case, which arises from the actions of a U.S. firm that sent its employees overseas to commit fraud in the guise of government operatives.

Nor will Defendant be able to show that the Bermuda Minister of Finance is an indispensable party. The documents and information Defendant took were the property of Plaintiffs, not the Minister. (Declaration of Delroy B. Duncan, dated December 15, 2005, at ¶¶ 3.6, 3.7.) Plaintiffs seek remedies only for harm that was done to them and damages they themselves suffered. Defendant is not exposed to any risk of multiple or inconsistent liability because the Minister would not be entitled to pursue the claims brought by Plaintiffs here.

**B.    Plaintiffs Will Suffer Substantial Prejudice If Discovery Is Stayed.**

One of Plaintiffs' principal purposes in bringing the present action is to ascertain the full extent of Defendant's misconduct so that they can address any effects of such misconduct and complete their 18 month investigation of IPOC and its affiliates. In fact, Plaintiffs' need for disclosure is so urgent that they have moved for expedited discovery in this action. (See Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and Expedited Discovery; Reply

3

Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion for Expedited Discovery.) The reasons why Plaintiffs require expedited discovery, and why they would be prejudiced by a stay of discovery, are set forth in detail in the papers they have submitted in support of their motion for expedited discovery. (Id.)

Plaintiffs' investigation of IPOC and its affiliates is nearing completion and Plaintiffs will soon prepare and deliver their final report to the Bermuda Minister of Finance. Defendant has been retained to act as one player in a deceptive campaign intended to (1) subvert an unknown number of Plaintiffs' employees, (2) influence the result of Plaintiffs' final report, (3) steal confidential information about the IPOC Investigation, and (4) distribute that information to unidentified third parties for purposes that remain largely unknown. Although Defendants suggest that they have stopped such activities pursuant to the Court's November 11 Order, they have not provided the information Plaintiffs would need in order to identify any continuing effects of Defendants' misconduct or determine whether persons not bound by the November 11 Order may be continuing with the campaign.

Plaintiffs cannot finalize their report until they can remove any suspicion that their work has been or is being influenced by the agents of any third party, or whether stolen materials have been used to undermine the investigation. Plaintiffs urgently need to determine whether,

**REDACTED**

Plaintiffs will suffer significant injury if they are forced to finalize their report without assurance as to its integrity, or to delay finalizing their report while discovery is stayed.

This continuing prejudice to Plaintiffs distinguishes this matter from the cases relied upon by Defendant. For example, Defendant cites to Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., where the Court found that the plaintiffs had "not demonstrated that they would be harmed by a stay of discovery." 201 F.R.D. 1, 3-4 (D.D.C. 2001); see also Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (finding that a stay of discovery did no harm). In Chavous, the Court also relied on the lack of any nexus between the discovery sought by plaintiffs and the harms they sought to remedy. 201 F.R.D. at 4. Here, Plaintiffs have shown that they have an urgent need for discovery in order to assess, remedy, and repair the very harm underlying this action.[1]

## C.  Defendant Will Suffer No Prejudice If Discovery Goes Forward.

Defendant has not shown that it will suffer any particular burden or prejudice if it is required to proceed with discovery. It does not claim, and there is no reason to believe, that the records related to Project Yucca are particularly voluminous or will be difficult to retrieve. Defendant's arguments on this point amount to "mere allegations that resources will be conserved by granting the stay." People With Aids Health Group v. Burroughs Welcome Co., 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991). This is not sufficient to support the granting of a stay.

---

[1] Other cases Defendant relies on involved unique issues that arose where foreign nations and cabinet-level government officials were parties to the actions. See In re Papandreou, 139 F.3d 247, 253 (D.C. Cir. 1998) (district court erred in authorizing discovery against Greek cabinet-level official); Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil, 212 F.Supp.2d 30 (D.D.C., 2002) (dismissing case brought against Republic of Brazil); Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36 (D.C. Cir. 2000) (claims brought under Foreign Sovereign Immunities Act against Republic of Angola). Given the foreign relations issues raised by such suits involving foreign states and sovereigns as parties, it is not surprising that the courts would stay discovery until it was clear that the claims would survive a motion to dismiss.

## Conclusion

For the foregoing reasons, Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss should be denied.

Dated: Washington, D.C.
       December 16, 2006

                                  HUGHES HUBBARD & REED LLP

                                  By:_____
                                        Roberta Koss (D.C. Bar No. 442813)
                                        Charles D. Reed (D.C. Bar No. 490833)
                                        1775 I Street, N.W.
                                        Washington, D.C. 20006-2401
                                        202-721-4600

                                  Attorneys for Plaintiffs

Of Counsel:

Derek J.T. Adler, Esq.
Siubhán J.E. Magee, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Richard S. Blann, Esq.
Norton Rose
Kempson House
Camomile Street
London EC3A 7AN
England