UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
                     Plaintiffs, )
                                  ) Case No.:
           v. )
)
DILIGENCE LLC, )
                     Defendant. )
)

### *EX PARTE* TEMPORARY RESTRAINING ORDER

Plaintiffs KPMG Financial Advisory Services Ltd. ("KPMG FAS Ltd."), Malcolm Butterfield and Michael Morrison have filed a Complaint seeking, inter alia, preliminary and permanent injunctive relief to stop Defendant Diligence LLC ("Diligence") from making any further efforts to obtain confidential documents or information from their employees and to prevent any further disclosure of information that Defendant has already obtained, and have made an ex parte motion for a temporary restraining order, preliminary injunction and expedited discovery. Upon consideration of all papers filed in this action, including Plaintiffs' Memorandum of Points and Authorities In Support of its motion, as well as the Declaration and Witness Statement of         executed on November 4, 2005, the Declaration of         executed on November 9, 2005, the Declaration of Derek J.T. Adler, executed on November 9, 2005, and the Declaration of Malcolm Butterfield, executed on November 9, 2005, and upon consideration of the evidence contained therein, which indicates that:

      1.     Defendant has converted and fraudulently obtained confidential documents and information ("Plaintiffs' Confidential Materials") that belong to Plaintiffs relating to their

DC 551011_1.DOC

**REDACTED**

ongoing investigation of IPOC International Growth Fund Ltd ("IPOC") and certain affiliated companies (the "IPOC Investigation"), in which Plaintiffs are assisted by KPMG LLP UK;

2. Defendant is making and will make further attempts to wrongfully obtain such information as part of an effort Defendant refers to as

3. Defendant has made unauthorized disclosures of Plaintiffs' Confidential Materials, and unless restrained will continue to do so;

4. Defendant has sought to subvert and is seeking to subvert Plaintiffs' employees in order to obtain confidential information from them and to interfere with and influence the outcome of the IPOC Investigation, and unless enjoined will continue to do so;

5. Defendant may delete or destroy documents and information relevant to this litigation unless restrained from doing so;

6. Plaintiffs will suffer immediate and irreparable harm if Defendant is permitted to continue its efforts to obtain confidential documents and information of Plaintiffs, to disclose Plaintiffs' confidential documents and information, to interfere with the IPOC Investigation, and delete or destroy documents and information relevant to this dispute; and

7. Defendant is likely to obtain further confidential documents and information related to the IPOC Investigation, seek to interfere further with that investigation, and make further unauthorized disclosures of Plaintiffs' confidential documents and information if it is given advance notice of Plaintiffs' motion in the absence of a temporary restraining order.

Wherefore, the Court hereby finds that:

1. This Court has jurisdiction over the subject matter of the case, and there is good cause to believe that it will have jurisdiction over the parties hereto, and venue in this district appears to be proper;

**REDACTED**

2. Plaintiffs will incur immediate and irreparable injury if this Court declines to grant a temporary restraining order;

3. There is no cause to believe that Defendant will suffer any harm or hardship, or any risk of financial loss, if Plaintiffs' motion is granted. Thus, the harm to Plaintiffs should this Court decline to grant Plaintiffs' motion for a temporary restraining order greatly outweighs any harm which Defendant may incur in the event this Court grants Plaintiffs' motion. Therefore, the balance of hardships tips decidedly in Plaintiffs' favor;

4. Plaintiffs have raised serious questions going to the merits that demonstrate a substantial likelihood of success on the merits;

5. The public interest would be served by the issuance of a temporary restraining order.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

Pending the hearing on Plaintiffs' motion for a preliminary injunction, Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this order, are temporarily restrained from:

1. having any contact with any employee or agent of KPMG Financial Services Ltd. or KPMG LLP UK in furtherance of any effort to obtain documents or information related to the IPOC Investigation or otherwise in connection with

2. disclosing or communicating to any person in any manner any of Plaintiffs' Confidential Materials, including but not limited to documents or information that incorporate, summarize or refer to information contained in Plaintiffs' Confidential Materials, and expressly including documents and information Defendant's employees or agents have obtained from

**REDACTED**

3

3. deleting, destroying or otherwise disposing of any documents or information, including but not limited to documents or information stored in electronic or digital form, referring or relating to Plaintiffs' Confidential Materials or

AND IT IS FURTHER ORDERED THAT:

The Court will hear Plaintiff's motion for preliminary injunction at ____ on _____, 200_, in Courtroom No. __, United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, DC 20001.

The Temporary Restraining Order granted herein shall expire on _____, 2005, at 11:59 p.m., unless within such time the Order, for good cause shown, is extended, or unless Defendant consents that it should be extended for a longer period of time.

Defendant shall file any answering affidavits, pleadings or legal memoranda with the Court and serve the same on counsel for Plaintiffs no later than three business days prior to the preliminary injunction hearing in this matter. Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendant no later than one business day prior to the preliminary injunction hearing in this matter. *Provided*, that service shall be performed by personal or overnight delivery or by fax, and documents shall be delivered so that they shall be received by the other party no later than 4 p.m. (EST) on the appropriate dates as provided in this paragraph.

The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by and oral argument of the parties. Pursuant to Local Civil Rule 65.1(d), live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the

4

**REDACTED**

other parties at least 72 hours prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony to be presented by another party shall be filed with this Court and served on the other parties at least two business days prior to the preliminary injunction hearing in this matter. Provided, that service shall be performed by personal or overnight delivery or by fax, and documents shall be delivered so that they shall be received by the other party no later than 4 p.m. (EST) on the appropriate dates as provided in this paragraph.

Copies of this Order may be served by personal delivery to Defendant's office at Diligence, LLC, 1211 Connecticut Ave., N.W., 6th Floor, Washington, DC 20036, and by fax to Defendant at 202-719-1701, marked for the attention of Mr. Nicholas Day, Chief Executive Officer of Diligence.

Plaintiffs shall be required to post security in the amount of $\_\_\_\_\_ on or before 4:00 p.m. on _____, 2005, failing which this order shall be of no further force.

5

DC 551011_1.DOC

IT IS SO ORDERED, this ___ day of November, 2005, at _____ .m.

_____
UNITED STATES DISTRICT JUDGE

cc:   Roberta Koss
      Hughes Hubbard & Reed LLP
      1775 I Street, N.W.
      Washington, DC 20006

      Diligence, LLC
      1211 Connecticut Ave., N.W.
      Washington, DC 20036

DC 5S1011_1.DOC