11/11/2005 11:39 FAX 202 354 3498                                              ☒002/005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
)
        Plaintiffs, )
)
v. )   Civil Action No. 05-2204 (PLF)
)
DILIGENCE LLC, )
)
        Defendant. )

FILED
NOV 1 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on plaintiffs' *ex parte* motion for a temporary restraining order and *ex parte* motion for expedited discovery. On November 10, 2005, plaintiffs filed, *ex parte*, a complaint, a motion to seal, and a motion for a temporary restraining order and expedited discovery. The Chief Judge of this Court granted plaintiffs' motion to seal the case "at this time."[1] The case was then randomly assigned to the undersigned.

       The Court will not consider an *ex parte* motion for a temporary restraining order "[e]xcept in an emergency." LCvR 65.1(a). Furthermore, under the Federal Rules of Civil Procedure the adverse party must be notified of the application for the temporary restraining order unless "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the

---

[1] Chief Judge Hogan added the limiting language "at this time" to the plaintiffs' proposed order.

11/11/2005 11:33 FAX 202 354 3498                                                         ☒003/005

applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).

In this case, plaintiffs argue that defendant is in the process of trying to trick plaintiffs' employees into revealing confidential information. Plaintiffs maintain that if defendant is given notice of the motion for a temporary restraining order, defendant may destroy relevant documents and information and disclose plaintiffs' confidential documents and information. The Court does not believe the circumstances justify *ex parte* injunctive relief under the Federal or Local Rules or under the two cited decisions of judges of this court issued in very different circumstances.[2] While *ex parte* proceedings and the grant of *ex parte* relief may be the norm in the courts of Bermuda (and under a greatly relaxed standard), it is the rare exception in this Court.

Upon consideration of the foregoing, and without ruling on plaintiffs' *ex parte* motion for a temporary restraining order or other requests, it is hereby ORDERED *pendente lite* or until further order of this Court, that

1. defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in active concert or participation with them who receive actual notice of this order, are directed:

---

[2] See Abdah v. Bush, 2005 WL 589812 (D.D.C. March 12, 2005); BCCI Holdings (Luxembourg), Societe Anonyme v. Mahfouz, 1992 WL 382234 (D.D.C. Dec. 10, 1992).

a.  not to have any contact with any employee or agent of KPMG Financial Services Ltd. or KPMG LLP UK in furtherance of any effort to obtain documents or information related to the IPOC Investigation or otherwise in connection with "Project Yucca";

b.  not to disclose or communicate to any person in any manner any of plaintiffs' confidential materials, including but not limited to documents or information that incorporate, summarize or refer to information contained in plaintiffs' confidential materials, and expressly including documents and information defendant's employees or agents have obtained from           ;[3] and

c.  not to delete, destroy or otherwise dispose of any such documents or information, including but not limited to documents or information stored in electronic or digital form, referring or relating to plaintiffs' confidential materials or

2.  plaintiffs shall notify the Court in writing as soon as this Order has been served on the defendant;

3.  the Clerk of the Court shall unseal this case as soon as such written notice is filed and shall then place on the public record all papers previously filed under seal;

4.  plaintiffs shall properly serve the defendant with all documents filed in this case; and

---

[3] For the purposes of this order, "plaintiffs' confidential materials" shall be defined as those confidential documents and information that defendant has obtained first, by the methods alleged in plaintiffs' complaint: "through wrongful means that include fraud and bribery [of plaintiffs' employees]"; and, second, relating to plaintiffs' ongoing investigation of IPOC International Growth Fund Ltd. and certain affiliated companies.

3

**REDACTED**

11/11/2005 11:39 FAX  202 354 3459                              ☒005/005

5.  plaintiffs and defendant shall meet and confer to agree upon a briefing schedule for plaintiffs' motion for a temporary restraining order and/or preliminary injunction, and a separate briefing schedule for plaintiffs' motion for expedited discovery.[4]

SO ORDERED.

*[signature]*
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/11/05

---

[4] The Court anticipates that the request for a temporary restraining order will be moot and there will be briefing and argument on the preliminary injunction motion only.

4