U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KPMG Financial Advisory Services, Limited, et al.

vs.

Diligence LLC

No. 1:05-CV-02204

AFFIDAVIT OF SERVICE PLF

RECEIVED
DEC -1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

to wit: Washington, DC

I, DANIEL F. PORTNOY, having been duly authorized to make service of the Summons; Plaintiffs' Motion to Seal Entire Case File; Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Seal Entire Case File; Order; Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Expedited Discovery; Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Expedited Discovery; Declaration of Derek J.T. Adler; Ex Parte Temporary Restraining Order; Ex Parte Order Granting Motion for Expedited Discovery; Declaration and Witness Statement of ▮▮▮▮; Declaration of Malcolm Llewelyn Butterfield; Declaration of ▮▮▮▮ **REDACTED**
Motion and Order for Admission Pro Hac Vice; Order Granting Motion for Admission Pro Hac Vice; Plaintiff KPMG Financial Advisory Services Limited's Certificate Requested by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia; Memorandum Opinion and Order; Complaint and Exhibits in the above entitled case, hereby depose and say:

That my date of birth / age is 11-26-1971.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 2:00 pm on November 16, 2005, I served Diligence LLC at 1211 Connecticut Avenue, NW, 6th Floor, Washington, DC 20036 by serving Garrick Tusi, Director, authorized to accept. Described herein:

    SEX-     MALE
    AGE-     40
    HEIGHT-  5'5"
    HAIR-    BLACK
    WEIGHT-  140
    COLOR-   ASIAN

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the RETURN of SERVICE and STATEMENT OF SERVICE FEES is true and correct.

Executed on 11-17-05
              Date

DANIEL F. PORTNOY
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 161999

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

KPMG FINANCIAL ADVISORY SERVICES, LIMITED;
MALCOM BUTTERFIELD; and MICHAEL MORRISON,

                Plaintiffs,

        V.

Diligence LLC

                Defendant.

SUMMONS IN A CIVIL CASE

CASE NUMBER  1:05CV02204

JUDGE: Paul L. Friedman

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/10/2005

TO: (Name and address of Defendant)

Diligence LLC
1211 Connecticut Avenue, N.W.
Sixth Floor
Washington, DC 20036

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Roberta Koss, Esquire
Hughes Hubbard & Reed LLP
1775 I Street NW
Washington, DC 20006-2401

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON      NOV 10 2005
CLERK                                       DATE

_/s/ Maureen Higgins_
(By) DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
)
    *Plaintiffs*, )
)
v. )    Civil Action No. 05-2204
)
DILIGENCE LLC )
)
    *Defendant*. )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO MAINTAIN CASE UNDER SEAL

Diligence, Inc.[1], by and through undersigned counsel, respectfully requests that the Court maintain the seal placed on this case in its Order of November 11, 2005 until resolution of Plaintiffs' pending motions for expedited discovery and for a preliminary injunction.[2] The case file – including the Complaint – is replete with copies of, quotations from, and citations to documents that Plaintiffs allege are copies of internal, confidential work papers of the Defendant that were "delivered anonymously" to the offices of an affiliate of Plaintiff KPMG Financial Advisory Services Limited. See Compl. ¶ 15; see also Adler Decl. ¶¶ 3-4. No appreciable harm will result from maintaining the status quo while Plaintiff's pending motions are resolved.

---

[1] Plaintiffs appear to have erroneously named Diligence LLC as the defendant party. Defendant brings this Motion without waiving its right to challenge the propriety of naming Diligence LLC as the defendant.

[2] Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order and Expedited Discovery, filed on November 10, 2005, includes a motion for "a preliminary injunction." Motion at p. 1; see also Complaint at p. 12 (demanding both "preliminary and injunctive relief." Paragraph 5 of the Court's November 11 Order requires the parties to meet and confer on a briefing schedule for Plaintiffs' pending motion for a temporary restraining order/preliminary injunction "and a separate briefing schedule for plaintiffs' motion for expedited discovery." Order at 4. That conference has taken place.

Unsealing this case, on the other hand, will cause immediate harm to Defendant from release of documents purporting to be confidential, proprietary work papers of the Defendant concerning a confidential arbitration proceeding – papers that were allegedly removed from the offices of Defendant without authorization and delivered to Plaintiffs by an anonymous person(s). Indeed, *all parties agree that this case should remain under seal* for the immediate future: Plaintiffs' counsel has informed undersigned counsel that Plaintiffs will be filing a separate motion seeking to maintain this case under seal, albeit on grounds different from those set forth in this Motion.

## BACKGROUND

This case is currently under seal, at the request of Plaintiffs, pursuant to an *ex parte* Order entered by Chief Judge Hogan and this Court's subsequent November 11, 2005 Order.

Defendant received first notice of this action at 10:59 a.m. EST yesterday (November 16, 2005), via an email from Plaintiffs' counsel to Defendant's Chief Executive Officer, who was at that time (and remains) abroad. Plaintiffs first served this Complaint on Defendant yesterday, sometime between 1:00 and 2:00 p.m., along with accompanying documents, including detailed affidavits purporting to attach copies of Defendant's confidential business records.

Defendant now faces a stark prospect: the impending disclosure of documents it barely has had a chance to review, which according to Plaintiffs' pleadings belong to Defendant; are internal, confidential, and client-related; involve a pending confidential arbitration; and were passed to Plaintiffs without Defendant's permission. Defendant respectfully submits that all of the factors relevant to the seal of court records in this Circuit – most especially, the strength of Defendant's property and privacy interests and the likelihood of prejudice to Defendant in the event of disclosure – weigh decisively in favor of maintaining the existing seal over this case

pending resolution of Plaintiffs' pending motions for a preliminary injunction and for expedited discovery.

## ARGUMENT

A district court has broad discretion in determining whether to place or maintain documents under seal. As the United States Supreme Court noted in Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) "the decision as to access is one best left to the sound discretion of the trial court," emphasizing that this discretion was "to be exercised in light of the relevant facts and circumstances of the particular case." Nixon at 599.

The Court of Appeals for this Circuit has established a six-factor balancing test to determine whether court documents should be sealed:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

Equal Employment Opportunity Comm'n v. National Children's Center, 98 F.3d 1406, 1409 (citing United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980)); see also Willingham v. Ashcroft, 355 F. Supp. 2d 390, 391 (2005) (same).

In this case, each of the Hubbard factors weighs in favor of maintaining this case under seal until resolution of Plaintiffs' pending motions for a preliminary injunction and for expedited discovery.

First, no compelling public interest exists in immediate access to this case file. Neither the conduct of the United States government nor the use of public funds is at issue. Contrast Cobell v. Norton, 157 F. Supp. 2d 82, 89 (D.D.C. 2001) (noting public interest in

management of Indian trust funds). To the contrary, the allegations in the Complaint have no meaningful connection to the United States. The Complaint, filed by two Bermudian citizens and a Bermudian company, alleges commercial torts committed outside the United States (in, specifically, Bermuda, The Bahamas and The British Virgin Islands) against non-U.S. residents and relating to a Swiss arbitration proceeding between Russian and Bermudian firms over stock in a Russian telecommunications company.

Second, this is not a case in which the Court would seal documents previously available to the public. The public has never had access to these documents. The court filings have been under seal since the commencement of the case, and the documents of anonymous origin attached to these filings were, according to the Complaint, "internal" and "confidential" corporate documents of the Defendant relating to a client-matter involving a confidential arbitration proceeding in Switzerland. Moreover, at this time, no member of the public has objected to the sealing of the record in this case. See Public Citizen Health Research Group v. Food and Drug Administration, 953 F. Supp. 400, 405 (D.D.C. 1996) (noting lack of outside objection as support for seal).

Third, *all parties* to this action agree that the court file should remain under seal at this time. Plaintiffs' counsel has informed undersigned counsel that Plaintiffs will be filing a separate motion seeking to maintain this case under seal. Even if Plaintiffs did not agree with Defendants on the seal issue – and, as noted, they do – Defendant's objection to unsealing would be entitled to significant weight because every document filed in this case prior to this Motion was filed by Plaintiff without Defendant's knowledge or opportunity to respond. Compare McConnell v. Federal Election Commission, 251 F. Supp. 2d 919, 926 (D.D.C. 2003) (noting comparatively high burden on plaintiffs who "willfully" brought claims and "placed evidence" before the court).

4

Fourth, Defendant's property and privacy interests at stake are substantial.³ The case file – including the Complaint – is littered with copies of, quotations from, and citations to documents that Plaintiffs allege are internal, confidential work papers of Defendant that were "delivered anonymously" to the offices of an affiliate of Plaintiff KPMG Financial Advisory Services Limited. See Compl. ¶ 15; see also Adler Decl. ¶¶ 3- 4. Specifically, as described by Plaintiffs, these documents include

Mem. in Support of *Ex Parte* Restraining Order at 5-6, 9, 11-12; Compl. ¶ 15; Adler Decl. ¶¶ 3-14. According to Plaintiffs, these documents relate to services performed by Defendant for one of its clients involved in an international arbitration proceeding.⁴ Given the confidential, proprietary, and work-product nature of these types of documents, it is plainly a proper exercise of this Court's broad discretion to maintain the materials under seal. In McConnell v. FEC, for instance, this Court specifically identified "internal strategies," "internal correspondence," and information of a consultant's client-related activities as worthy of protection under seal, and held under seal confidential documents containing political donor and campaign planning information. 251 F. Supp. 2d at 938, 942-43, 945.⁵

---

3   In In re Sealed Case, the Circuit Court noted that where privacy interests are especially strong, "only rarely, if ever, might the remaining five Hubbard factors counterbalance the strength of the privacy interests asserted." 237 F.3d 657, 666 (D.C. Cir. 2001) (quotation omitted).

4   A number of these documents are quite lengthy, and contain much that appears to bear no direct relation to Plaintiffs or the events at issue in this case. See, e.g., Adler Decl. at Exs. C-E.

5   Rule 26(c) permits a district court to enter any order "which justice requires" to protect against annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c). Indeed, Rule 26(c) was designed to allow parties in litigation to maintain the confidentiality of precisely the type of documents at issue here. See In re NASDAQ Market-Makers Antitrust Litigation, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) (describing "internal telephone calls" about customers, transactions, and trading strategies as "exactly the sort of confidential information" protected by Rule 26(c)); see also Federal Rule of Civil Procedure 26(c)(7) (marking out trade secrets, "confidential research, development, or commercial information" for protection). As Plaintiffs note in their pleadings, "[p]reserving the confidentiality of proprietary information is generally recognized to serve the

**REDACTED**

Fifth, Defendant – and, significantly, Defendant's alleged client – would be exposed to considerable prejudice in the event of disclosure of confidential, internal work papers allegedly "delivered anonymously to KPMG USA" without authorization by Defendant. Adler Decl. ¶ 3. As this Court has noted, the power to seal is especially important where a court considers information or documents obtained, as here, "through means other than discovery." Public Citizen Health Research Group v. Food and Drug Administration, 953 F. Supp. 400, 405 (D.D.C. 1996). In Public Citizen, this Court imposed a seal on confidential documents which were erroneously disclosed, noting the privacy concerns such disclosure raised. See 953 F. Supp. at 402. Here, the public policy concerns are even greater; if Plaintiffs' account is true, the documents were not erroneously disclosed, but rather are the fruits of an anonymous, unauthorized disclosure, if not outright theft.

Sixth, the purposes for which the documents were submitted to the Court by Plaintiffs will not be frustrated by a sealing of the record – indeed, Plaintiffs agree that the case should be maintained under seal or they will lose the right that they seek to vindicate. See, e.g., Mem. of P. & A. in Support of Plaintiffs' Motion to Seal Entire Case File, at 2. The court will still consider the documents when arriving at its decisions in this case, and sealing the record will not "eviscerate the purpose for which the information was submitted." Public Citizen, 953 F. Supp. at 405.

---

public interest." See Plaintiffs' Memorandum of P. & A. in Support of Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order and Expedited Discovery at 12 (citing Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz, 298 F. Supp. 2d 27 (D.D.C. 2002)).

6

In sum, individually and collectively, the six Hubbard factors strongly militate in favor of maintaining this case under seal until resolution of Plaintiffs' pending motions for expedited discovery and for a preliminary injunction.[6]

## CONCLUSION

For each and all of the foregoing reasons, Defendant Diligence Inc. respectfully requests that this Court modify its November 11, 2005 Order to direct the Clerk of the Court to maintain the seal on this case until further instruction from this Court.

Respectfully submitted,

AEGIS LAW GROUP LLP

By: /s/ Paul Rauser

Paul C. Rauser
Oliver Garcia
901 F Street, N.W.
Washington, DC 20004
Tel: (202) 737-3500
Fax: (202) 737-3330

Dated: November 17, 2005

*Attorneys for Defendant Diligence Inc.*

---

[6] The Hubbard court also noted that "where both public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] satisfy both interests." Hubbard, 650 F.2d at 324-25. But redaction is not an realistic option here. As noted above -- and as Plaintiffs themselves have pointed out -- material in this case the parties may deem confidential will likely be "interwoven throughout the various papers." Mem. of P. & A. in Support of Plaintiffs' Motion to Seal Entire Case File, at 2. Accordingly, Defendant respectfully requests that the entire case file remain under seal.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on November 17, 2005, via facsimile and hand delivery, upon:

>Roberta Koss, Esq.
>Hughes Hubbard & Reed LLP
>1775 I Street, N.W.
>Washington, D.C. 20006-2401

_____
Paul C. Rauser