IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
                             Plaintiffs, )
                                      ) Civil Action No. 05-2204
                                      ) (PLF)
              v. )

DILIGENCE LLC, )
                             Defendant. )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RECONSIDERATION OR MODIFICATION
OF THE COURT'S ORDER UNSEALING THE CASE FILE**

        Plaintiffs KPMG Financial Advisory Services Limited ("KPMG FAS Ltd"), Malcolm Butterfield, and Michael Morrison (collectively the "Inspectors") respectfully submit this Memorandum of Points and Authorities in Support of their Motion for Reconsideration of the Court's November 11, 2005 Order (the "Order") to the extent that such Order unsealed the case file in this matter. Plaintiffs respectfully request that certain declarations submitted in support of their Motion for Ex Parte Temporary Restraining Order and Expedited Discovery be maintained under seal or, alternatively, that Plaintiffs be permitted to submit substantially redacted versions for public filing, and that Plaintiffs be permitted to submit redacted versions of their Complaint and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Expedited Discovery ("TRO Brief").

<u>Preliminary Statement</u>

        The present action requires the Court to balance the presumption of judicial openness against the right of a litigant to seek redress for violations of confidentiality without

NY1002489_1.DOC

being required to sacrifice that very right in order to gain admission to the courthouse. Plaintiffs have commenced this action to remedy thefts of confidential information and other interference with an investigation (the "IPOC Investigation") they are conducting pursuant to their appointment by the Minister of Finance of Bermuda. In addition to the fact that the stolen information is Plaintiffs' property, whose disclosure they alone should control, all details of the IPOC Investigation are required to be kept confidential under Bermuda Law. Yet in order to commence this action, and particularly in order to seek preliminary injunctive relief, they have necessarily needed to disclose to the Court many of the very same details that they are seeking to protect from disclosure. Under these circumstances, it would be a just exercise of the Court's discretion to prevent the disclosure from going further.

    Plaintiffs accept that to keep the entire case file under seal would be cumbersome and perhaps not strictly necessary. They nevertheless contend that information relating to: (1) the terms of reference of the IPOC Investigation; (2) Plaintiffs' internal procedures used in connection with the IPOC Investigation; (3) the manner in which the confidentiality of the IPOC Investigation was breached; and (4) the substantive information gathered about IPOC and the results of Plaintiffs' investigation should be withheld from the public record because they contain confidential information about the IPOC Investigation and Plaintiffs' internal procedures. Public disclosure of this information would threaten the integrity and fairness of the process itself.

    To this end Plaintiffs request that the Declarations of Derek J.T. Adler, Malcolm Llewelyn Butterfield, [REDACTED], and [REDACTED]; and the exhibits thereto remain entirely under seal, and that Plaintiffs' be permitted to submit redacted versions of their Complaint and TRO Brief for placement on the public record, with the un-redacted versions also

2

NY 1002489_1.DOC

to remain under seal. Should the Court decide that Plaintiffs may not withhold the Declarations and Exhibits in their entirety, Plaintiffs seek leave to file them in redacted form, though the necessary redactions are likely to be so substantial as to render them of questionable value to any reader.

## Background

Plaintiffs, a Bermudian professional services firm and two of its managing directors, were appointed by the Minister of Finance of Bermuda to perform a confidential investigation of the business and financial affairs of a Bermuda company called IPOC International Growth Fund Limited ("IPOC") and 11 affiliated Bermuda companies. Under Bermuda law, all aspects of Plaintiffs work are to be kept strictly confidential.[1]

Plaintiffs recently discovered that Defendant, a Washington D.C.-based private investigation firm, has been retained to gather damaging information about IPOC. Pursuant to that engagement, Defendant's employees have obtained confidential documents and information from Plaintiffs through wrongful means that include fraud and bribery. Plaintiffs instituted this action seeking preliminary and permanent injunctive relief to stop Defendant from making further efforts to obtain confidential information about Plaintiffs' investigation and prevent Defendant from making further disclosure of the confidential information it has already obtained. Plaintiffs also seek compensatory and punitive damages.

The declarations, Complaint, and brief seeking preliminary ex parte relief that Plaintiffs filed in this action necessarily refer to and incorporate confidential information from

---

[1] Under section 132(6) of the Bermuda Companies Act 1981, all aspects of the IPOC Investigation are required to be kept strictly private and confidential unless the companies under investigation request otherwise. The companies have not made such a request. The Inspectors and KPMG FAS Ltd have taken appropriate steps to maintain the confidentiality of the documents and information they have gathered, reviewed, and generated in connection with the IPOC Investigation. (See Declaration of Malcolm Llewelyn Butterfield at ¶¶ 6-8.) Plaintiffs are endeavoring to obtain a Declaration from a Bermuda Law expert on this point to submit to the Court shortly.

3

NY 1002489_1.DOC

and related to their investigation, which are required to be kept confidential pursuant to Bermuda law. The documents include information relating to Plaintiffs' investigation of IPOC and its affiliates and the method by which the investigation is being conducted. They also refer and relate to Plaintiffs' business practices and proprietary information. If these documents do not remain under seal, Plaintiffs' pursuit of their claims will be at the sacrifice of the very right they seek to vindicate — the confidentiality of their investigation. Plaintiffs respectfully submit that this constitutes good cause for filing the declarations of Messrs. Adler, Butterfield, [REDACTED] and Ms. [REDACTED] under seal, and filing only redacted versions of the Complaint and TRO Brief on the public record.

## ARGUMENT

I. THE COURT SHOULD EXERCISE ITS DISCRETION TO AMEND ITS ORDER UNSEALING THE CASE.

Motions to reconsider interlocutory orders--in contrast to motions for reconsideration of final judgments--are within the discretion of the trial court, subject to appellate review only under the abuse of discretion standard. Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing United Mine Workers v. Pittston Co., 793 F. Supp. 339, 344-45 (D.D.C. 1992), aff'd, 984 F.2d 469 (D.C. Cir. 1993)).[2] Therefore the rendering court has complete power to afford whatever relief from its orders that justice requires. Keystone Tobacco Co., Inc. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003) (Friedman, J.) (citing Citibank (South Dakota), N.A. v. F.D.I.C., 857 F. Supp. 976, 981 (D.D.C. 1994)). Plaintiffs respectfully

---

[2] The Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure are consistent with this standard. As the Notes explain, "interlocutory judgments are not brought within the restrictions of [Rule 60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b) Advisory Comm. Notes; see also Schoen v. Washington Post, 246 F.2d 670, 673 (D.C. Cir. 1957) (Burger, J.) (so long as district court has jurisdiction over an action, it has complete power over interlocutory orders therein and may revise them when consonant with equity).

4

NY 1002489_1.DOC

submit that it would be an appropriate exercise of discretion for the Court reconsider the Order unsealing this matter.

The common law right of access to court documents is far from absolute. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (noting that "[e]very court has supervisory power over its own records and files"). Factors militating against public access include, for example, that court files might become a vehicle for improper purposes, or be used as a source of business information that might harm a litigant's competitive standing. Id. at 598. The courts of this Circuit adhere to a six-part balancing test to determine if documents should be sealed from public access. The factors to be weighed are: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991) (citing United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980)); see also Willingham v. Ashcroft, 355 F. Supp. 2d 390, 391 (D.D.C. 2005).

## II. THE *HUBBARD* FACTORS WEIGH AGAINST UNSEALING THE ENTIRE RECORD.

### A. There Is No Need For Public Access To The Documents At Issue.

Because the presumption in favor of public access to court records is not absolute, the balancing test requires assessment of particular public interests in accessing the documents at issue in the individual case. See Nixon v. Warner Commc'ns, Inc., 435 U.S. at 598; Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d at 1277. There is no compelling matter of interest to the U.S. public implicated by the documents under consideration in this case. Unlike in Nixon,

NY 1002489_1.DOC

access would not supply an incremental gain in public understanding of an immensely historical occurrence, 435 U.S. at 602, nor does the matter involve the internal workings of a governmental or public institution. See Willingham v. Ashcroft, 355 F. Supp. 2d at 391 (ordering portions of documents to be redacted even where case involved a heightened public interest because documents at issue illustrated Department of Justice's disciplinary proceedings for employees).

On the contrary, publication of information relating to the Plaintiffs' performance of their statutory obligations in Bermuda is adverse to the public interest since Plaintiffs' work is expressly required to be kept confidential under Bermuda Law. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wertz, 298 F. Supp. 2d 27, 34-35 (D.D.C. 2002) (finding public interest in protecting confidential business and trade secrets); In re Vitamins Antitrust Litig., 357 F. Supp. 2d 50, 51 (D.D.C. 2004) ("When [documents] refer to trade secrets, work product, or settlement negotiations, the interests of the clients and the public in maintaining their confidentiality may trump another public interest at stake: access to materials submitted during litigation."). The Bermuda statutory scheme to investigate possible wrongdoing by Bermuda companies serves the public interest, and the requirement of confidentiality is necessary in order to achieve the goals of the process.[3] Cf. Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391 (1st Cir. 2005) (vacating District Court decision refusing to seal documents revealing identity of confidential informants where informants were integral to the investigative process and meaningful investigation of participants in thoroughbred racing was necessary to maintain health and integrity of the sport).

---

[3] Plaintiffs had anticipated providing a Declaration from an expert on Bermuda Law with this motion. They expect to be able to file such Declaration shortly.

B. **The Public Has Never Had Access To The Documents In Question.**

Previous access is a factor which may weigh in favor of subsequent access. United States v. Hubbard, 650 F.2d at 318-19 (noting there was "no previous access to weigh in favor of the access granted through the district court's unsealing order.")

Plaintiffs initiated this action under seal and the matter continues to be withheld from the public record. Accordingly, to date no access to this matter has been provided to the public. Cf. Willingham v. Ashcroft, 355 F. Supp. 2d at 391 (sealing pleadings and exhibits despite prior public access).

Furthermore, the materials that Plaintiffs seek to protect, the Declarations and Exhibits of Messrs. Adler, Butterfield, , and Ms. , and portions of the Complaint and TRO Brief, contain confidential and proprietary information belonging to Plaintiffs which has been maintained by them as confidential. (See Butterfield Decl. at ¶¶ 6-8.)

C. **The Plaintiffs, The Bermuda Minister of Finance, And The Defendant Object To The Publication Of Plaintiffs' Confidential Information.**

There is no contrary interest of any party to weigh in assessing whether or not to unseal the declarations submitted by Plaintiffs, because all parties to this action have requested that they remain sealed. Furthermore, the Office of the Bermuda Minister of Finance has made a request for confidentiality. (See Letter from Donald A. Scott, Financial Secretary to the Bermuda Minister of Finance, to The Honorable Paul L. Friedman, dated November 21, 2005, attached hereto as Exhibit 1.)

The strength with which a party asserts its interests is a significant indication of the importance of those rights to the party. United States v. Hubbard, 650 F.2d at 319. Plaintiffs strenuously oppose the unsealing of the declarations and accompanying exhibits of Messrs. Adler, Butterfield, , and Ms. , and publication of the entirety of the Complaint and

REDACTED

7

TRO Brief. Plaintiffs have consistently asserted their opposition to publication of the contents therein from the outset of this matter. (See Mem. Of Points And Authorities In Support Of Plaintiffs' Motion To Seal Entire Case File.) Indeed, Plaintiffs are the owners and holders of the confidential information at issue, and have commenced this action precisely in order to preserve the confidentiality of that information.

Further, "the fact that objection to access is made by a third party weighs in favor of non-disclosure." United States v. Hubbard, 650 F.2d at 320 (considering non-party Church's interests against disclosure of its seized documents in matter where extent of search and seizure was at issue). See also In re Sealed Case, 237 F.3d 657 (D.C. Cir. 2002) (reversing District Court's refusal to seal subpoena enforcement action upon request of non-party who was the subject of Federal Election Commission's investigation pursuant to which subpoena was issued). Here, the Minister of Finance of Bermuda has expressed her request that the Court assist the maintenance of confidentiality of Plaintiffs' investigation as is required by Bermuda law. (See Letter from Donald A. Scott, dated November 21, 2005.)

The principle of international comity requires that this Court accord recognition to the legislative, executive, or judicial acts of another nation. See, e.g., Pravin Banker Assocs., Ltd. V. Banco Popular Del Peru, 109 F.3d 850, 854 (2d Cir. 1997) (citing Hilton v. Guyot, 159 U.S. 113, 164 (1895)). Because the publication of information contained in the declarations and accompanying exhibits of Messrs. Adler, Butterfield, [REDACTED] and Ms. [REDACTED], the Complaint, and TRO Brief will jeopardize the confidentiality of Plaintiffs' investigation pursuant to Bermuda law, this Court should exercise its discretion to seal these materials.

NY 1002489_1.DOC

Finally, since no party to the action, or non-party, has contested the sealing of the record, the record should be maintained under seal. See Pub. Citizen Health Research Group v. F.D.A., 953 F. Supp. 400, 405 (D.D.C. 1996).

D. **Plaintiffs Possess Strong Proprietary And Privacy Interests In The Documents And Information Sought To Be Sealed.**

Courts routinely refuse to publicize trade secret, confidential, or proprietary information. See Nixon v. Warner Commc'ns, Inc., 435 U.S. at 598 (factors militating against public access include when court files might become a vehicle for improper purposes, or be used as a source of business information that might harm a litigant's competitive standing); Standard & Poor's Corp., Inc. v. Commodity Exchange, Inc., 541 F. Supp. 1273 (S.D.N.Y. 1982) (denying request of non-party newspaper service to unseal portion of transcript that reflected party's trade secrets); see also Merrill Lynch, Pierce, Fenner & Smith v. Wertz, 298 F. Supp. 2d at 34-35 (finding public interest in protecting confidential business and trade secrets).

Plaintiffs request that the following declarations, and exhibits thereto, remain sealed because they include the confidential and proprietary information stated below:

1. Declaration of      **REDACTED**

Mr.      Declaration and Exhibits include information pertaining to the conduct of Plaintiffs' performance of its statutory duty to investigate IPOC and its affiliates, including details relating to the staffing of Plaintiffs' investigation, procedures, and maintenance of computer and hard copy files. Neither the subjects of the IPOC Investigation, nor other interested parties should be permitted to learn of the method by which Plaintiffs' investigation is being conducted since such discovery could facilitate interference with the IPOC Investigation. Mr.      declaration further discusses Plaintiffs' conduct of its investigation into the breach

REDACTED

9

NY1002489_1.DOC

of confidentiality of the IPOC Investigation. Such information is confidential and also subject to misuse by persons who, like Defendant, may wish to interfere with Plaintiffs' work.

2. <u>Declaration of Derek J.T. Adler</u>

Mr. Adler's Declaration and the Exhibits thereto discuss Plaintiffs' business processes which led to the uncovering of Defendant's interference with the IPOC Investigation. This information is confidential and represents proprietary business strategies of Plaintiffs which should not be made available to the public. Furthermore, the Declaration and Exhibits contain information pertaining to Plaintiffs' conduct of the IPOC investigation and the preliminary results of that investigation. Such information must not be made public because neither the subjects of the investigation, IPOC and its affiliates, nor other interested parties should be permitted to learn about the method by which Plaintiffs' investigation is being conducted to gain access to the substantive materials from the investigation.

3. <u>Declaration of Malcolm Llewelyn Butterfield</u>

Mr. Butterfield's Declaration discusses information pertaining to Plaintiffs' appointment to investigate IPOC and its affiliates, and details regarding the parameters of IPOC Investigation and terms of reference. Neither the subjects of the investigation, nor other interested parties should be permitted to learn of the method by which the investigation is being conducted because such knowledge could facilitate further interference with the investigation. Furthermore, Mr. Butterfield's Declaration discusses Plaintiffs' inquiry into the breach of confidentiality of the IPOC Investigation. This information is confidential and represents proprietary internal procedures of Plaintiffs which should not be made available to the public.

4.  <u>Declaration of</u>

**REDACTED**

Ms. _____ Declaration and the Exhibits thereto contain substantive information about the results of Plaintiffs' investigation, outline information pertaining to Plaintiffs' internal investigation into the breach of confidentiality of the IPOC Investigation, and contain other information pertaining to Plaintiffs' confidential investigation as misappropriated by Defendant. Neither the subjects of the IPOC Investigation nor other interested parties should be permitted to gain access to information about Plaintiffs' conduct of the IPOC Investigation since such information could facilitate further interference and breaches of confidentiality. Furthermore, information as to how Plaintiffs investigated the breach of confidentiality perpetrated by Defendant is confidential and represents proprietary business strategies of Plaintiffs which should not be made available to the public.

Plaintiffs also submit that the Complaint and TRO Briefs should not be publicly filed unless redacted because they incorporate and refer to a limited extent to the same facts and information outlined above that appears in Plaintiffs' Declarations and Exhibits.

E.  **Plaintiffs' Investigation Will Be Severely Prejudiced By Disclosure Of The Documents At Issue.**

The likelihood of prejudice depends on a number of factors, including, most importantly, the nature of the materials disclosed. <u>United States v. Hubbard</u>, 650 F.2d at 321.

Plaintiffs were appointed by the Minister of Finance pursuant to the Bermuda Companies Act 1981 to perform their investigation within the terms and requirements of that statute. Section 132(6) of the statute requires that the investigation be held in private. To commence this litigation Plaintiffs necessarily had to adduce information relating to its investigation. The affidavits of Messrs. Adler, Butterfield, _____ ; and Ms. _____ and the **REDACTED** exhibits thereto, the Complaint and Plaintiffs' TRO Brief refer to and incorporate information

11

that is required to be maintained in confidence as part of the IPOC Investigation. Plaintiffs will be prejudiced in their current performance of the IPOC Investigation should this information become public. Furthermore, future investigations under the Bermuda legislation may be at risk from similar predatory tactics if the only available remedy is self-defeating.

### F. The Documents Were Introduced And This Litigation Was Commenced To Preserve The Confidentiality of Plaintiffs' Investigation.

At the outset Plaintiffs were faced with a "Catch 22": the only way to vindicate the rights infringed by Defendant and protect their confidential working papers from further invasion was to commence this action, but in order to do so Plaintiffs had to adduce detailed evidence relating to the IPOC Investigation. The Court of Appeals in Hubbard observed that "it would be ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them." 650 F.2d at 321. The same is manifestly true here: it would be unfair if Plaintiffs' only means to vindicate Defendant's invasion of their confidential working papers required them to reveal those papers to the public. Mokhiber v. Davis, 537 A.2d 1100, 1115-16 (D.C. 1988) (discussing situations when disclosure of materials defeats the purpose of the underling action and noting that "[i]n such a case the [Court's] interest in protecting a party ... may constitute an interest sufficient to justify not only granting the protective order itself but also sealing the motion seeking the order (or opposing it) and any supporting documents.").

Since Plaintiffs' sole purpose in introducing the information sought to be sealed was to vindicate their rights to maintain its confidentiality, the Court should exercise its discretion to maintain the seal as to those documents.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court maintain the Declarations of Derek J.T. Adler, Malcolm Llewelyn Butterfield, [REDACTED], and [REDACTED]; and exhibits thereto under seal or, in the alternative, permit Plaintiffs to submit redacted versions of those Declarations for placing on the public record, and that Plaintiffs be permitted to supply redacted versions of the Complaint and TRO Brief for filing on the public record.

Dated: District of Columbia
November 21, 2005

HUGHES HUBBARD & REED LLP

By: _____
Roberta Koss
D.C. Bar No. 442813
1775 I Street NW
Washington D.C. 20006-2401
202-721-4600

Attorneys for Plaintiffs

Of Counsel:

Derek J.T. Adler, Esq.
Siubhán J.E. Magee, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Richard Blann, Esq.
Norton Rose
Kempson House
Camomile Street
London EC3A 7AN
England

13

NY 1002489_1.DOC

**EXHIBIT 1**



MINISTRY OF FINANCE
30 Parliament Street
Hamilton HM 12
Bermuda
Telephone: (441) 295-5151
Facsimile: (441) 295-5727

*In reply please
quote the date
of this letter and
the following reference:*

IB 28-3a

November 21, 2005

**VIA COURIER**

The Honorable Paul L. Friedman
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Judge Friedman,

**KPMG Financial Advisory Services Ltd., Malcolm Butterfield, and Michael Morrison v. Diligence LLC, Civ. Action No. 05-2204 (PLF)**

We write with reference to the above-referenced action which we understand has recently been commenced in your Court.

Pursuant to powers under the Companies Act 1981, on 18 March, 2004, Malcolm Butterfield and Michael Morrison, of KPMG Financial Advisory Services Ltd., were appointed as Inspectors to investigate the affairs of 12 Bermuda companies (including IPOC International Growth Fund Ltd.) operating in countries from Russia to the USA. The appointment arose because of allegations that IPOC and its affiliates and principals may have participated in irregular activities and misrepresented the nature of their business to Bermuda authorities.

The Inspectors have informed the Ministry of Finance that an intelligence gathering firm based in the United States has been retained, apparently by an adversary of IPOC in various legal proceedings, to improperly obtain documents and/or information supplied to or created by the Inspectors in relation to the investigation and that this firm has by deception and fraudulent methods acquired confidential information.

This apparent breach of the confidentiality of the investigation is a matter of great concern, indicating as it does a calculated attempt to attack the integrity of Bermuda's statutory processes. The Ministry of Finance therefore supports the Inspectors in their efforts to seek all available remedies through the U.S. Courts against the parties who

have engaged in wrongful conduct. We understand that the Inspectors have commenced an action in your Court seeking appropriate remedies to obtain disclosure about the misappropriation of their confidential materials, prevent further dissemination of such information and to ensure that there are no further attempts to interfere with their work.

We respectfully request that the Court permit the Inspectors to take such measures as are available to protect the confidentiality of the investigation so that it may reach a successful conclusion.

Notwithstanding this submission in support of the inspectors' actions in US Courts, the Government of Bermuda, through the Ministry of Finance, hereby states that this is the extent of its involvement in this application. Accordingly, the Government of Bermuda is not willing to be involved or joined in any direct way with the proceedings in the US Court.

Respectfully,

Donald A. Scott

Financial Secretary

cc: Malcolm Butterfield and Michael Morrison

2