IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
                                              )
         *Plaintiffs*, )
                                              )
v.                                          )    Civil Action No. 05-2204 (PLF)
                                             )
DILIGENCE LLC )
                                             )
         *Defendant*. )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
## TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

      Defendant Diligence, Inc., by and through undersigned counsel, respectfully moves this Court to stay discovery in this matter pending resolution of Defendant's Motion to Dismiss filed concurrently herewith.

### INTRODUCTION

      As noted in Defendant's Motion to Dismiss, this action should be dismissed in its entirety for two independent reasons: (1) the District of Columbia is an inconvenient forum in which to litigate this Bermuda-centered dispute; and (2) Plaintiffs failed to join an indispensable party—namely, the Government of Bermuda—in violation of Federal Rule of Civil Procedure 19.

      This Court has broad discretion to manage discovery in cases pending before it, including staying discovery where appropriate. Defendant previously has opposed Plaintiffs' request for expedited discovery, and now seeks to stay normal discovery procedures, including the initial conference required by Rule 26(f) and initial disclosures under Rule 26(a)(1), pending resolution of Defendant's dispositive motion. Requiring Defendant to participate in discovery

during the pendency of its Motion to Dismiss would defeat the very purpose of the the indispensable party and *forum non conveniens* doctrines, each of which is aimed at conserving judicial and party resources by dismissing at the outset improperly filed actions. Whereas allowing discovery prior to a ruling on the Motion to Dismiss creates a substantial risk of wasting the resources of the parties and the Court, Plaintiffs will not suffer any appreciable harm from a discovery stay. This Court's November 11 Order – which remains in force pending further Order of the Court – maintains the status quo by requiring discovery to be preserved and prohibiting Defendant from disclosing any of Plaintiffs' confidential information.

## ARGUMENT

### I. THIS COURT HAS BROAD DISCRETION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS.

As this Court has noted, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citing multiple federal cases in which discovery stayed pending resolution of a dispositive motion); Anderson v. United States Attorneys Office, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("[d]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") citing Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974)).

Indeed, it is proper for a district court to stay discovery pending resolution of motions challenging the propriety of Plaintiffs' forum selection, including motions to dismiss for *forum non conveniens*. See Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (district court acted within its discretion in staying discovery pending ruling on motion for dismissal for *forum non conveniens*); Cheng v. Boeing Co., 708 F.2d 1406, 1412 (9th Cir. 1983)

(no abuse of discretion where district court denied Plaintiffs' request for discovery prior to ruling on *forum non conveniens* motion); accord In re Marra v. Papandreou, 139 F.3d 247, 254 (D.C. Cir. 1999) (instructing district court to resolve potentially dispositive jurisdictional defenses "with an eye towards minimizing the total costs imposed on the defendant" before ordering discovery on Foreign Sovereign Immunities Act claim); Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil, 212 F. Supp. 2d 30, 37 (D.D.C. 2002) ("Under controlling precedent in this Circuit, jurisdictional discovery on FSIA issues 'should not be authorized at all if the defendant raises either a different jurisdictional or an other non-merits ground such as forum non conveniens or personal jurisdiction the resolution of which would impose a lesser burden on the defendant.'") (quoting Phoenix Consulting v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000) (internal quotations omitted)).

## II.  A DISCOVERY STAY WILL NOT PREJUDICE PLAINTIFFS BECAUSE THIS COURT'S ORDER OF NOVEMBER 11 OBVIATES ANY NEED FOR IMMEDIATE DISCOVERY.

Plaintiffs will not suffer any appreciable harm from a stay pending resolution of the Motion to Dismiss. The status quo has been frozen by Order of this Court such that Plaintiffs will not suffer any harm from not commencing discovery immediately. Specifically, this Court's Order of November 11 – which will remain in force until further Order – maintains the status quo by requiring all persons "in active concert" with Defendant, to: (1) avoid contact with Plaintiff KPMG's personnel; (2) refrain from disclosing any confidential materials or information of Plaintiffs'; and (3) preserve all documents associated with this case. See Order of November 11, 2005, at 2-3.

Although Plaintiffs no doubt prefer to proceed sooner rather than later with discovery, a mere preference for early discovery does not equate to a showing of prejudice. The

3

urgency cited in Plaintiffs' *ex parte* motion for a temporary restraining order and their motion for expedited discovery was to ensure that Defendants were not continuing—as alleged—to interact with Plaintiffs and thereby 'taint' the Government of Bermuda's investigation. This Court's Order of November 11 already has remedied that perceived need, leaving no reason why discovery must commence immediately. The Court's Order bars "defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in active concert or participation with them who receive actual notice of this order" from having "any contact with any employee or agent of KPMG Financial Services Ltd. or KPMG LLP UK" in connection with the IPOC investigation or

Defendant has received notice of the Order. Thus, under the very terms of the Order any possibility that Plaintiffs' investigation "even now" is "being tainted by Defendants misconduct" has been remedied. Mem. of P & A in Support of Pls. Mot. for Ex Parte Restraining Order and Expedited Discovery, at 3.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its Motion to Stay Discovery Pending Resolution of Motion to Dismiss be granted.

Respectfully submitted,

December 5, 2005

AEGIS LAW GROUP LLP

By: *Paul Rauser*

**REDACTED**

Paul C. Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500/F: 202-737-3330

*Attorneys for Defendant Diligence, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on December 5, 2005, via hand delivery, upon:

> Roberta Koss, Esq.
> Hughes Hubbard & Reed LLP
> 1775 Eye Street, N.W.
> Washington, DC 20006-2401

*/s/ Paul Rauser*
Paul C. Rauser