UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, *et al*., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2204 (PLF) |
| DILIGENCE LLC, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion to dismiss on two independent grounds: (1) for *forum non conveniens* because, defendant asserts, Bermuda is an available and more appropriate alternative forum in which to litigate this case; and (2) for failing to join an indispensable party -- the government of Bermuda -- under Rules 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure. The Court has considered all of the papers filed by the parties, including various declarations, and heard oral argument on January 25, 2006. The Court concludes that neither of defendant's arguments supports dismissal of this case and therefore denies defendant's motion.

The doctrine of *forum non conveniens* permits a court to dismiss an action over which it has jurisdiction when there is another available and adequate forum in which the case can be tried and when it appears that "the convenience of the parties and the court and the interests of justice indicate that the action should be tried in [that] forum." Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 828 (5th Cir. 1993); see BPA Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003). The defendant has the burden on all aspects of a motion

to dismiss on *forum non conveniens* grounds, including the obligation to establish as a prerequisite that an adequate alternative forum exists. See Nemariam v. The Federal Republic of Ethiopia, 315 F.3d 390, 392 (D.C. Cir. 2003); Ed-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676-77 (D.C. Cir. 1996) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981)); Pain v. United Technologies Corp., 637 F.2d 775, 784 (D.C. Cir. 1980), overruled in part by Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (holding that either private or public interest factors may be basis for dismissal). Once the existence of an adequate alternative forum is established, the Court must weigh all relevant factors of private and public interest against the presumed validity of plaintiff's initial choice of forum. See Piper Aircraft Co. v. Reyno, 454 U.S. at 241; El-Fadl v. Central Bank of Jordan, 75 F.3d at 677; Pain v. United Technologies Corp., 637 F.2d at 784. If the balance favors the foreign forum, and if the Court is convinced that plaintiff effectively can bring its case in the alternative forum, the Court *may* dismiss the case on grounds of *forum non conveniens*. See Pain v. United Technologies Corp., 637 F.2d at 785-86.

With respect to the convenience to the parties, the factors to be considered in weighing the private interests of the litigants include, *inter alia*, the relative ease of access to evidence and sources of proof, the ability to compel the attendance of witnesses, the cost of bringing those witnesses to court, the ability of the court to enforce a judgment, and all other practical problems that make trial of a case easy, expeditious, and inexpensive for the parties. See Piper Aircraft Co. v. Reyno, 454 U.S. at 241 n. 6; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); BPA International, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d at 85. Public interest factors to be considered include administrative difficulties flowing from court congestion, the local interest in having localized controversies decided in a jurisdiction's home

forum, the necessity to apply law foreign to the jurisdiction, and the burden of deciding a case involving foreign affairs. Gulf Oil Corp. v. Gilbert, 330 U.S. at 508-09.

While, as the defendant points out, in this case there may be an "adequate alternative forum where the plaintiff may bring his claims," BPA International, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d at 85 -- namely, Bermuda -- the defendant is headquartered in the United States (here in the District of Columbia), representatives of the defendant allegedly contacted KPMG employees (who would be witnesses at trial) both in the United States and elsewhere, the defendant allegedly has brought the records it stole in Bermuda to the United States, plaintiffs seek to recover those records presumably now housed in the District of Columbia (where the defendant is headquartered), the unauthorized disclosure of information by the defendant allegedly occurred in the United States, and United States law purportedly will govern a determination of plaintiffs' claims.[1] In view of the nature of plaintiff's claims and the fact that most of the defendants' witnesses, most (or all) of the documents, and many of the relevant KPMG employees appear likely to be in the United States, this Court would seem to be a convenient one. As defendant acknowledges, the Court has broad discretion to dismiss an action over which it has jurisdiction on grounds of *forum non conveniens*. If it has discretion to dismiss, it necessarily has discretion *not* to dismiss, and the court of appeals will reverse a *forum non conveniens* determination only for a "clear abuse of discretion." TMR Energy v. State

---

[1] Plaintiffs allege fraud, conversion and misappropriation, and unjust enrichment. Their complaint and the declarations they have filed suggest a scheme of corporate espionage by defendant to attempt to influence the writing of a report KPMG was commissioned to prepare for the Minister of Finance of Bermuda, with the intent of influencing the report's findings and conclusions, by placing a source on the team preparing the report. Plaintiffs also allege that the defendant sought to place the same or another source close to the judge or arbitrators in the British Virgin Islands in order to provide feedback on the arbitrators' thinking and to permit the lawyers for the defendant to refine their positions during the course of the proceedings -- in effect, an allegation of obstruction of justice.

Property Fund of Ukraine, 411 F.3d 296, 303 (D.C. Cir. 2005).  Defendant's motion will be denied.

The Court also agrees with plaintiffs that neither the government of Bermuda nor its Minister of Finance is a necessary or indispensable party.  Under Rule 19 of the Federal Rules of Civil Procedure,  an absent party is considered necessary to the litigation if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Fed. R. Civ. P. 19(a).  Should the Court determine that any of Rule 19(a)'s criteria are met, it must order that the absent party be joined.  Id.

If a party should be joined under Rule 19(a), but joinder of the missing party is not feasible, the Court must consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it," or whether it should be dismissed, "the absent person being thus regarded as indispensable."  Fed. R. Civ. P. 19(b); see Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d 1489, 1496 (D.C. Cir.1997).  The factors to be considered in making this determination are (1) "to what extent judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2)  "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;" (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."  Fed. R. Civ. P. Rule 19(b).  This is a fact-specific inquiry that "can only be

determined in the context of particular litigation." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968). See Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas v. Babbitt, 43 F.3d 1491, 1495 (D.C. Cir. 1995) (Rule 19 calls for "a pragmatic decision based on practical considerations in the context of particular litigation"); Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 50 (D.D.C. 2003) (same).

In this case, the Court can fully adjudicate the claims before it in the absence of the government of Bermuda and the Minister of Finance. The issue is whether the plaintiffs and their reputation and competence have been or will be harmed or compromised by the actions of defendant or whether plaintiffs can reliably meet their obligations to their client, the Minister of Finance, despite the defendant's alleged conduct. While the Minister of Finance and the government of Bermuda may ultimately be harmed as well -- but only presumably if plaintiffs' factual assertions are proven and no relief is provided before plaintiffs' final report mut be issued -- plaintiffs allege that they (not Bermuda) were the victims of fraud and that their property (not Bermuda's) has been misappropriated or converted. In the Court's view, neither Bermuda nor the Minister of Finance is a necessary party for a determination of what wrongs (if any) have been done to plaintiff and for providing complete relief to plaintiffs if they prevail. Nor will the absence from this litigation of Bermuda or its Minister of Finance impair either's ability to protect its interests or create a substantial risk of inconsistent obligations by them.[2]

For the foregoing reasons, defendants' motion to dismiss (Docket No. 21) is hereby DENIED; and it is

---

[2] If they are not necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure, it follows that they cannot be indispensable parties under Rule 19(b).

FURTHER ORDERED that the parties shall meet and confer and file a joint discovery plan with the Court on or before February 28, 2006.  If the parties cannot agree on the scope or timing of discovery, plaintiffs may file their own proposal for discovery on February 28, 2006, and defendant may file its counterproposal on or before March 7, 2006.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATED:  February 14, 2006