**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 05-2204 |
| DILIGENCE LLC, | ) ) ) | |
| Defendant. | ) ) | |

### DECLARATION OF DEREK J.T. ADLER

I, Derek J.T. Adler, hereby declare as follows:

1.      I am a member of the bar of the State of New York and am a partner at Hughes Hubbard & Reed LLP, counsel for Plaintiffs herein.

2.      In accordance with the Court's February 14, 2006 Memorandum Opinion and Order, I have conferred with counsel for Defendant with respect to the scope and timing of discovery in this action. Unfortunately, the parties are in disagreement. In summary, Plaintiffs ask that discovery proceed in accordance with the normal timing under the Federal Rules of Civil Procedure, with a discovery deadline six months hence. Defendant wants discovery stayed pending some form of court-ordered ADR process. I submit this Declaration to advise the Court of the nature of the parties' disagreement and in support of Plaintiffs' proposed schedule, which is being filed herewith.

3.      Plaintiffs commenced this action in November 2005 seeking remedies for Defendant's theft of confidential materials from them. They seek: (i) full disclosure of what

NY 1028213_1.DOC

materials Defendant took, what it did with those materials, and the other circumstances

surrounding the theft, (ii) return of the stolen materials and expungement of information derived

therefrom on Defendant's computers, (iii) injunctive relief ordering Defendant to cease its

wrongful activities, and (iv) compensatory and punitive damages.

        4.      Since commencing this action over three months ago, Plaintiffs have

consistently argued that discovery should proceed on an expedited basis. The materials

Defendant took relate to an ongoing investigation that is nearing completion. Although

Defendant has been ordered, pursuant to the Court's November 11, 2005 Order, not to make

further efforts to obtain information from Plaintiffs or to further disclose the materials already

taken, the full extent of Defendant's misconduct remains unknown. The continuing effect of

Defendant's misconduct is shown by the recent press reports, already provided to the Court, that

appear to be based on the materials taken from Plaintiffs.

        5.      On February 24, 2006, we served the following on Defendant's counsel:

(i) Plaintiffs' Initial Disclosures Pursuant to Rule 26(a), (ii) Plaintiffs' First Request for

Production of Documents, and (iii) Plaintiffs' First Notice of Depositions. The deposition notice

seeks depositions of the three employees of Defendant known to have been involved the actions

that give rise to this suit, as well as one Rule 30(b)(6) witness designated to testify about

Defendant's relevant conduct generally and another Rule 30(b)(6) witness designated to testify

about document retention issues, particularly with respect to materials stored in electronic form.

The depositions have been noticed for the week of March 27-31, 2006.

        6.      I have subsequently conferred with Defendant's counsel on several

occasions in an attempt to agree on when Defendant will respond to Plaintiffs' discovery

requests and the schedule for discovery generally.

2

7.      Plaintiffs' urgent immediate need remains to determine what information Defendant took from them, what Defendant did with that information, and what other actions Defendant took with respect to the subject matter of this lawsuit. Such information is necessary, inter alia, in order to determine whether the Court's November 11, 2005 Order provides adequate interim relief protecting Plaintiffs' interests during the pendency of this proceeding.

8.      With only a slight variation, Plaintiffs have proposed that discovery should proceed in accordance with timing for discovery responses contemplated by the Federal Rules. Plaintiffs have proposed that Defendant provide its initial disclosures, along with documents responsive to Plaintiffs' first document request within four weeks — just two days shorter than the 30 days allowed for document responses under Rule 34. Plaintiffs have also asked that Defendant make at least two of the key witnesses available for depositions during the week of March 27. Otherwise, Plaintiffs proposed that discovery should proceed according to the Federal Rules, with a discovery cut off six months hence.

9.      In response, Defendant's counsel has categorically refused to provide any dates when Defendant would be willing to provide its initial disclosures, produce documents, or make any of its witnesses available to be deposed. Instead of proceeding with discovery, Defendant's counsel is advocating that the parties submit this dispute to mediation or some other form of court-ordered ADR. Defendant asks that all discovery be stayed until after mediation takes place, unless the mediator directs the parties to make disclosures in the context of the mediation.

10.     Defendant's proposal is not acceptable to Plaintiffs. Defendant's motion to dismiss has been denied and Plaintiffs are now entitled to proceed with discovery. Plaintiffs

urgently need discovery in order to determine the extent of Defendant's misconduct and whether there are any ongoing effects of that misconduct.

      11.    Defendant's counsel has not asserted any substantive objection to the disclosures Plaintiffs are seeking. He has not suggested that providing initial disclosures and documents responsive to Plaintiffs' request would be in any way burdensome or unreasonable. Nor has he suggested that there is any reason why Defendant cannot make its employees available for depositions the week of March 27.

      12.    The schedule proposed by Plaintiffs is more than reasonable. The materials they seek should already have been gathered and preserved in accordance with the Court's November 11, 2005 Order. Plaintiffs have previously demonstrated that they are entitled to expedited discovery, yet now only seek discovery in accordance with the ordinary timeframes. Defendant appears to be stonewalling, in the hope that this action will somehow go away before it is required to place its employees under oath and disclose the full extent of Defendant's misconduct.

      13.    Although they are not willing to defer discovery any longer, Plaintiffs nevertheless agree that mediation could ultimately provide a method for addressing damages and other remedial issues in this dispute. But the mediation process cannot be fruitful until Plaintiffs have obtained full disclosure of the relevant facts. Local Civil Rule 16.3(c)(5)(iii) expressly recognizes that preliminary disclosure may be necessary before ADR can be effective. Plaintiff's proposed order provides for referral to mediation under the Court's ADR rules, with pretrial discovery to continue during the mediation process. This is in accordance with the Court's ADR guidelines, annexed as Appendix A to the Local Civil Rules, which expressly

4

provide that "[u]nless the presiding judge indicates otherwise, referral of a case to mediation does not stay other proceedings in the case."

          *               *               *

        14.    I declare under penalty of perjury that the foregoing is true and correct.

Executed On February 28, 2006

                                               Derek J.T. Adler

5