**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | Civil Action No. 05-2204 (PLF) |
| DILIGENCE LLC | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S ANSWER**

Defendant Diligence Inc. ("Diligence" or the "Company"), by and through undersigned counsel, hereby states for its answer and its affirmative defenses to the Complaint filed by Plaintiffs as follows:

1. Diligence is without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 1 of the Complaint. Diligence admits that it is a Washington, D.C.-based business intelligence and risk management firm but denies the remaining allegations of the second sentence of paragraph 1 of the Complaint. The remaining allegations in Paragraph 1 of the Complaint set forth legal conclusions to which no response by Diligence is required; to the extent a response is required, Diligence denies the same.

2. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Admit that Diligence, Inc. is a corporation headquartered at 1211 Connecticut Avenue, N.W., Washington, D.C. Admit the remaining allegations of paragraph 3 of the Complaint.

4. Admit.

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no response from Diligence is required.

6. Paragraph 6 of the Complaint sets forth a legal conclusion to which no response from Diligence is required.

7. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth a legal conclusion concerning section 132(6) of the Bermuda Companies Act of 1981 to which no response from Diligence is required. Diligence is without sufficient information to admit or deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Diligence is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint because Diligence is not in a position to know what has and has not told the Plaintiffs.

17. The allegations in Paragraph 17 of the Complaint set forth legal conclusions to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

REDACTED

18. Diligence denies the remaining allegations and characterizations in the first sentence of paragraph 18 of the Complaint. Diligence denies the allegations set forth in the second sentence of paragraph 18 of the Complaint. Diligence denies the allegations contained in the third sentence of paragraph 18 of the Complaint.

**First Claim for Relief**

19. Diligence incorporates its responses set forth in Paragraphs 1 through 18 above as if fully set forth herein.

20. The allegations in Paragraph 20 of the Complaint set forth legal conclusions and argument to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

21. The allegations in Paragraph 21 of the Complaint set forth legal conclusions and argument to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

REDACTED

22. The allegations in Paragraph 22 of the Complaint set forth legal conclusions and argument to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

## Second Claim for Relief

23. Diligence incorporates its responses set forth in Paragraphs 1 through 22 above as if fully set forth herein.

24. The allegations in Paragraph 24 of the Complaint set forth legal conclusions to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

25. The allegations in Paragraph 24 of the Complaint set forth legal conclusions to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

26. The allegations in Paragraph 24 of the Complaint set forth legal conclusions to which no response by Diligence is required. To the extent a response is required, Diligence denies the same.

## Third Claim for Relief

27. Diligence incorporates its responses set forth in Paragraphs 1 through 26 above as if fully set forth herein.

28. The allegations in Paragraph 24 of the Complaint set forth legal conclusions to which no response by Diligence is required.

**Plaintiffs' Demands for Relief**

29. The Complaint fails to plead facts entitling Plaintiffs to preliminary or permanent injunctive relief against Diligence.

30. The Complaint fails to plead facts entitling Plaintiffs to an award of compensatory damages against Diligence.

31. The Complaint fails to plead facts entitling Plaintiffs to an order requiring Diligence to disgorge any monies received.

32. The Complaint fails to plead facts entitling Plaintiffs to an award of punitive damages against Diligence.

33. The Complaint fails to plead facts entitling Plaintiffs to an award of their costs of this action or their attorneys' fees against Diligence.

**Affirmative Defenses**

For its affirmative defenses, Diligence asserts as follows:

34. The Complaint fails to state a claim upon which relief can be granted.

35. The Complaint fails to plead facts entitling Plaintiffs to an award of compensatory damages against Diligence.

36. The Complaint fails to plead facts entitling Plaintiffs to an award of punitive damages against Diligence.

37. The Complaint fails to plead facts entitling Plaintiffs to an award of its costs of this action or its attorneys' fees against Diligence.

38. The Complaint fails to plead facts entitling Plaintiffs to preliminary or permanent injunctive relief against Diligence.

39. The Complaint fails to plead facts entitling Plaintiffs to an order requiring Diligence to disgorge any monies received.

40. Each count in the Complaint is barred by the doctrine of equitable estoppel.

41. Each count in the Complaint is barred by the doctrines of in pari delicto, unclean hands, and/or by plaintiffs' wrongful conduct.

42. Each count in the Complaint is barred by the doctrines of consent, ratification and/or waiver.

43. The Complaint fails to join a necessary and indispensable party.

44. Each count in the Complaint fails to state a claim because of Plaintiffs' failure to mitigate damages and/or the doctrine of avoidable consequences.

Further, Diligence reserves the right to assert additional defenses as discovery in this matter proceeds.

**WHEREFORE, DEFENDANT PRAYS:**

(a) that the Court enter judgment in its favor on each of Plaintiffs' claims;

(b) that the Court award Defendant its costs in this action;

(c) that the Court award Defendant such further relief as the Court deems just and proper.

**JURY DEMAND**

Diligence demands a trial by jury on all issues so triable.

Respectfully submitted,

AEGIS LAW GROUP LLP

By: Paul Rauser

Paul C. Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

Attorneys for Defendant

Dated: March 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2006, I caused a copy of the foregoing Defendant's Answer to be served by United States mail, postage pre-paid, upon Plaintiffs' counsel of record at the following address:

Roberta Koss, Esq.
Hughes Hubbard & Reed LLP
1775 Eye Street, N.W.
Washington, DC 20006-2401

Paul Rauser

Paul C. Rauser