IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, <br><br> *Plaintiffs,* <br><br> v. <br><br> DILIGENCE LLC <br><br> *Defendant*. | Civil Action No. 05-2204(PLF) |

## DEFENDANT'S PROPOSED DISCOVERY PLAN
## AND LOCAL CIVIL RULE 16.3 STATEMENT

Defendant Diligence, Inc., by and through undersigned counsel, respectfully submits its Proposed Discovery Plan pursuant to this Court's Order dated February 14, 2006.

As instructed by the Court in its February 14, 2006 Order, counsel for Plaintiffs and counsel for Defendant conferred on February 27, 2006 and February 28, 2006 regarding a proposed discovery plan, in addition to discussing matters set forth in Local Civil Rule ("LCvR") 16.3(c). The parties were unable to reach agreement on these matters; accordingly, Defendant respectfully submits this Proposed Discovery Plan, and the accompanying proposed order, setting forth its position on discovery and each issue identified in LCvR 16.3(c).

In brief, Plaintiffs and Defendant were unable to reach agreement in two substantive areas:

*First,* Defendant believes that Plaintiffs' proposed discovery schedule is unnecessarily compressed and burdensome. Plaintiffs request that Defendant produce its initial

disclosures and its responses to 25 wide-ranging document requests in two-and-a-half weeks – by Friday, March 24, 2006 – but have proposed no such deadline for their own document discovery. Plaintiffs have also already sought to notice five depositions in five days beginning the following Monday, March 27th, including the depositions of defendant's Chief Executive Officer and two Rule 30(b)(6) witnesses. Indeed, Plaintiffs have gone so far as to include in their Proposed Scheduling Order the depositions, on or before March 31st, of Defendant's Chief Executive Officer and Rule 30(b)(6) witness. Plaintiffs' Proposed Scheduling Order does not, however, propose such an aggressive deposition schedule (or, indeed, any deposition schedule at all) for their own witnesses.

Defendant believes that Plaintiffs' proposed schedule is unnecessarily one-sided and burdensome, and not consistent with the ordinary practice of civil litigation in the Federal courts. As discussed below and in the attached Proposed Scheduling Order, Defendant proposes an alternative schedule with orderly document and deposition discovery, from both sides, beginning on April 1, 2006.

*Second,* Plaintiffs and Defendant both agree that this case should be referred to a Magistrate Judge for settlement mediation, but differ on the timing of that mediation vis-à-vis discovery. Defendant believes that, in light of the parties' repeated past efforts to resolve this matter (discussed below), mediation with the assistance of a Magistrate Judge is likely to succeed, and should proceed before the parties incur the substantial expense of full-blown civil discovery in this case – particularly the compressed, one-sided discovery requested by plaintiffs. Defendant accordingly proposes that this case be referred for mediation prior to Defendant's proposed April 1st commencement of discovery, a proposal that Defendant believes is fair, just, and efficient. Plaintiffs, on the other hand, ask that this Court permit them to take immediate document and

deposition discovery on the schedule listed above, deferring mediation until after they have taken full discovery from Defendant. Defendant disagrees, and respectfully requests that the Court issue a Scheduling Order in the form attached hereto.

### Defendant's Position on the Matters Listed in LCvR 16.3

1. **Pending Dispositive Motions**—None.

2. **Deadline for Amending Pleadings**—Defendant proposes that the deadline for amendment of pleadings and the joinder of additional parties be April 30, 2006. Plaintiffs have not set forth a position on this LCvR 16.3(c) issue.

3. **Referral to a Magistrate Judge**—Defendant has no objection to this case being assigned for all purposes to a Magistrate Judge. Plaintiffs have not stated a position on this LCvR 16.3(c) issue.

4. **Prospects for Settlement**—

Defendant believes that this case is ripe for an early, mutually-agreeable settlement, before the parties have incurred the substantial costs of civil discovery and costly, full-blown litigation. As Plaintiffs acknowledged during the January 25, 2006 hearing on all then-pending motions, the principal relief sought by Plaintiffs in this action is to prevent dissemination of their allegedly confidential documents and the information contained therein and to "get [Plaintiffs'] property back." See Transcript of Motions Hearing, January 25, 2006 ("Hearing Transcript"), pp. 9-10. If this is, in fact, what Plaintiffs really seek in this matter, Defendant believes that this cause can and should settle, and that a court-ordered settlement conference with a Magistrate Judge of this Court is eminently appropriate, for two reasons.

*First*, Plaintiffs have already proposed, on multiple occasions, resolutions of this case that address both of Plaintiffs' claimed goals in this litigation. With respect to Plaintiffs' claimed need to "get [their] property back," Hearing Transcript at 10, there is no conceivable reason why they cannot do so as part of a Magistrate Judge-mediated settlement—indeed, a quick settlement of this case would appear to be the surest and fastest way for Plaintiffs to get any such property back. Defendant in fact proposed such a resolution as early as November of last year, mere weeks after Plaintiffs filed this case, and on multiple occasions thereafter.

The same is true with respect to Plaintiffs' alleged need to determine to whom, if anyone, Defendant may have given any confidential information or materials obtained from Plaintiffs – indeed, *twice* within the first month of the filing of this case, Defendant proposed settlement terms that included each such element as part of a global resolution. For reasons that remain obscure, Plaintiffs rejected these settlement offers, insisting instead on proceeding with formal discovery. Had Plaintiffs accepted either offer, they would have had *last year* all of the alleged information and materials that Plaintiffs insist to the Court that they so urgently need. See id. This issue is surely amenable to a mediated resolution by a Magistrate Judge appointed by the Court.

*Second,* referral to a magistrate judge for mediation in the coming weeks does not risk further dissemination of Plaintiffs' alleged confidential materials, for this Court's November 11, 2005 Order (the "November 11 Order") already fully addresses Plaintiffs' perceived needs in this regard. The November 11 Order – which remains in force pending further Order of the Court – maintains the status quo by requiring discovery to be preserved and prohibiting Defendant from disclosing any of Plaintiffs' confidential information. Defendant plainly is obligated to abide by this Order, obviating any risk of disclosure in the weeks needed to mediate this case.

Under these circumstances, it is Defendant's position that an early, Court-ordered settlement conference with a Magistrate Judge to facilitate an early settlement of this case prior to discovery would be likely to succeed, prejudicial to no party, and would promote the interests of judicial economy and preservation of the parties' resources.

5.     **Alternative Dispute Resolution**—LCvR 16.3 explicitly directs the parties to consider and discuss "whether cost savings or any practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending." LCvR 16.3(5)(v).

During the meet-and-confer ordered by this Court in the February 14, 2006 Order, counsel for Defendant proposed that the parties jointly request that the Court order the parties to attend a settlement conference presided over by a Magistrate Judge as soon as possible to attempt to settle this case to the satisfaction of all parties before March 31, 2006, and if the case did not settle, the parties thereafter would proceed with discovery. In proposing early ADR to Plaintiffs, undersigned counsel noted that because Plaintiffs' motion for expedited discovery was not granted, an early attempt to settle the case during March 2006 would result in no delay in obtaining discovery under the ordinary timetable in a civil case.[1] Defendant continues to believe that mediation during the month of March, prior to commencement of discovery on April 1st, is eminently reasonable.

---

[1] Notably, in an apparent attempt to grant themselves the expedited discovery denied by the Court, Plaintiffs have prematurely served discovery in violation of the Local Rules. On February 24, 2006, *before* the parties held the meet-and-confer to discuss a discovery plan as ordered by this Court, Plaintiffs served Diligence with substantial discovery—specifically, a deposition notice purporting to schedule five depositions on five consecutive days the week of March 27, 2006, and 25 broadly-drafted requests for production. In so doing, Plaintiffs plainly have violated this Court's rules. See LCvR 26.2(a) ("a party may not seek discovery from any sources before the parties have conferred as required by Rule 26(f), F.R. Civ. P."). At no time did Plaintiffs request a meet-and-confer prior to February 24, 2006. Rather, it was only after Plaintiffs served their deposition notices and Request for Production on Defendant that Plaintiffs contacted Defendant to schedule a meet-and-confer per the Court's February 14, 2006 Order.

In sum, it is Defendant's position that, as explicitly contemplated by LCvR 16.3(c)(v), the parties should be required to attend a settlement conference with a Magistrate Judge of this Court as soon as possible, and in no event later than March 31, 2006, to attempt to settle this case prior to expending substantial resources on plenary discovery. If the case is not resolved before March 31, 2006, discovery should commence immediately thereafter with Initial Disclosures and the taking of discovery beginning April 1, 2006.

6. **Dispositive Motions**—Defendant does not believe at this time that this case can be resolved by dispositive motion. Defendant respectfully proposes a dispositive motion cutoff date of September 30, 2006. Plaintiffs have not taken a position on this LCvR 16.3(c) issue.

7. **Initial Disclosures**—Defendant proposes that the deadline for Initial Disclosures be April 7, 2006.

8. **Discovery**—

(a) **Scope**—Defendant presently anticipates taking between 8 and 10 depositions in this matter, including depositions of several foreign witnesses. Defendant's position is that there is no need in this case to depart from the limits on discovery set forth in the Federal Rules of Civil Procedure and this Court's Local Civil Rules. Plaintiffs have not taken a position on this LCvR 16.3(c) issue, but have (prematurely) served Defendant with notice to take five depositions this month alone on consecutive days with no days off in between—a schedule that Defendant objects to as unduly burdensome and harassing. As noted in Paragraph 5 above, Defendant's position is that deposition and document discovery should commence in April 2006 in the event the case cannot be settled prior to March 31, 2006.

(b)     **Protective Order**—Defendant's position is that a Protective Order is appropriate in this case, which Plaintiffs themselves filed under seal. Plaintiffs have indicated to undersigned counsel that they have no objection to the entry of a Protective Order, and the parties expect to negotiate a joint proposed Protective Order for submission to the Court.

(c)     **Discovery Cutoff Date**—Plaintiffs have proposed a discovery cutoff date of August 31, 2006. Defendant has no objection to this deadline; provided, however, that it is extended, if necessary, for the limited purpose of completing foreign discovery.

9.     **Expert Deadlines**—Defendant does not anticipate at this time that it will use any testifying expert witnesses. Plaintiffs have not set forth a position on this LCvR 16.3(c) issue.

10.    **Rule 23 Proceedings**—Not applicable.

11.    **Bifurcation of Trial**—Defendant's position is that there is no need or basis to bifurcate a trial on the merits. Plaintiffs have not set forth a position on this LCvR 16.3(c) issue.

12.    **Pretrial Conference**—Defendant respectfully proposes that the Pretrial Conference be scheduled to take place on or after December 1, 2006, to allow sufficient time for the Court to decide any dispositive motions. Plaintiffs have not set forth a position on this LCvR 16.3(c) issue.

13.    **Trial Date**—Defendant respectfully proposes that the Court set a tentative trial date (subject to the Court's calendar) at the Pretrial Conference. Plaintiffs have not set forth a position on this LCvR 16.3(c) issue.

14. **Other Matters**—Defendant agrees with Plaintiffs, see [Plaintiffs' Proposed] Discovery Plan and Order, that either party should be allowed to move at any time to modify the Court's November 11, 2005 Order.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:  /s/_____
Paul Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

Dated:  March 7, 2006