# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY      )
SERVICES LIMITED,            )
MALCOLM BUTTERFIELD, and     )
MICHAEL MORRISON,            )
                             )
                Plaintiffs,  )
                             )   Civil Action No: 05-2204 (PLF)
                             )   (AK)  (Redacted)
        v.                   )
                             )
DILIGENCE LLC,               )
                             )
                Defendant.   )
                             )

## MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION ON CERTAIN DOCUMENTS AND TESTIMONY AND FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs

KPMG Financial Advisory Services Ltd., Malcolm Butterfield, and Michael Morrison,

(collectively "Plaintiffs" or "KPMG") by their undersigned counsel, hereby move to

remove the "Confidential" designation Defendant has placed on certain documents and

testimony and for entry of the accompanying Protective Order Governing Confidentiality

and Inadvertent Disclosure of Documents.  Pursuant to Local Civil Rule ("LCvR") 7m,

counsel for Plaintiffs have discussed the substance of this motion with counsel for

Defendant Diligence LLC ("Diligence") on a number of occasions in a good faith effort

to resolve this dispute without the Court's intervention.  Diligence opposes the instant

motion.

NY 1039858_2.DOC

The grounds for this motion are set forth in the accompanying

Memorandum of Points and Authorities in Support of Motion for Entry of Protective

Order and the Declaration of Derek J.T. Adler executed on April 11, 2005.

Dated: District of Columbia  
April 11, 2006

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:_____

Roberta Koss  
   D.C. Bar No. 442813  
Charles Reed  
   D.C. Bar No. 490833  
Eric S. Parnes  
   D.C. Bar No. 489071  
1775 I Street, N.W.  
Washington, D.C.  20006-2401  
202-721-4600

Derek J.T. Adler, *Pro Hac Vice*  
Hughes Hubbard & Reed LLP  
One Battery Park Plaza  
New York, NY  10004  
212-837-6086

Attorneys for Plaintiffs

Of Counsel:

Richard Blann  
Norton Rose  
Kempson House  
Camomile Street  
London EC3A 7AN  
England

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )
MICHAEL MORRISON, )
                                 )
              Plaintiffs, )
                                 )
                                 )     Civil Acton No: 05-2204
                                 )     (PLF) (AK) (Redacted)
              v. )
                                   )
DILIGENCE LLC, )
              Defendant. )

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFFS' MOTION TO REMOVE
## "CONFIDENTIAL" DESIGNATION ON CERTAIN DOCUMENTS
## AND TESTIMONY AND FOR ENTRY OF PROTECTIVE ORDER

### Background

Plaintiffs are a Bermuda professional services firm and two of its managing

directors. Plaintiffs were appointed by the Bermuda Minister of Finance, in the exercise

of her statutory powers, to perform a confidential investigation of a Bermuda corporation

called IPOC International Growth Fund Ltd ("IPOC") and affiliated companies (the

"IPOC Investigation"). Defendant is a Washington private investigation firm that was

retained by                             to obtain confidential documents and

information about the IPOC Investigation from Plaintiffs' files.



REDACTED

Plaintiffs bring claims for fraud, conversion, misappropriation and unjust enrichment. They seek preliminary and permanent injunctive relief as well as money damages. Upon Plaintiffs' *ex parte* application for a Temporary Restraining Order, the Court entered an Order *pendent lite* on November 11, 2005 that directed Defendant and its employees and agents to, in summary: (1) cease contact with Plaintiffs and their employees or agents in relation to the IPOC Investigation; (2) cease any further disclosure of the documents and information it has obtained from Plaintiffs, or materials derived therefrom; and (3) preserve all such documents and information.

By Memorandum Opinion and Order dated February 14, 2006, the Court denied Defendant's motion to dismiss and directed the parties to submit proposed schedules for pre-trial proceedings. Because Plaintiffs are currently in the process of completing the IPOC Investigation, they have an urgent need to ascertain the extent of Defendant's breach of confidentiality and confirm that Defendant's actions have not compromised their work. Plaintiffs therefore requested that Defendant be ordered to make its CEO, and a corporate representative, available for depositions no later than March 31, 2005. In

its March 13 Scheduling Order the Court granted this request, while setting August 31, 2005 as the overall deadline for the completion of discovery.

Defendant began producing documents the week of March 27. Although counsel for the parties had begun negotiations towards an agreed confidentiality order, these negotiations were not concluded prior to when Defendant began producing documents and made its corporate representative available for deposition on March 31, 2006.[1] Accordingly, counsel for Plaintiffs agreed to abide by Defendant's proposed restrictions on an interim basis, pending entry of a final form of protective order by the Court. Defendant has designated all of the documents it has produced, and the entire transcript of the deposition of its corporate representative, as "confidential" under the terms of its proposed draft confidentiality order.

The parties have subsequently conferred in good faith and reached agreement on all aspects of a proposed protective order except for one. Plaintiffs will soon be required to report the results of the IPOC investigation to the Bermuda Minister of Finance and the companies under investigation. (Declaration of Derek J.T. Adler, ¶ 2.) The Minister and the companies are aware that the confidentiality of the IPOC Investigation has been breached. Plaintiffs must plainly be allowed to provide information to the Minister and the companies to assure them that the breach of confidentiality has not in any way tainted the IPOC Investigation. Plaintiffs have therefore consistently maintained that they must be permitted to disclose the information they learn through this action regarding:

(1) exactly what documents and information Defendant obtained from Plaintiffs,

(2) exactly what Defendant did with such documents and information (i.e. to whom they

---

[1]   The deposition of Defendant's CEO has been adjourned on consent.

were disclosed), and (3) who retained Diligence to go after Plaintiffs' documents, and why.

Thus Plaintiffs' version of the proposed Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents includes a paragraph (No. 29) that would give Plaintiffs the right to make the necessary disclosures.[2] This provision has been rejected by Defendant. Meanwhile Defendant has designated <u>all</u> of its discovery materials as "Confidential," including materials that only reflect information in the categories Plaintiffs should be permitted to disclose. Defendant would consent to the entry of the proposed order if Paragraph 29 were omitted.

By this motion Plaintiffs' ask the Court to enter their version of the proposed Protective Order, including Paragraph 29, and to order that documents and testimony that simply reflect what materials Defendant obtained from Plaintiffs, what Defendant did with those materials, and who Defendant was acting for may not be properly designated as "Confidential." Defendant has no legitimate basis for keeping such information confidential, and Plaintiffs have a substantial need to be allowed to disclose such information to the constituencies that have an interest in the IPOC Investigation.

---

[2]   Paragraph 29 of the proposed order provides:

"Notwithstanding designation of any document, information or testimony as 'Confidential' or 'Attorneys' Eyes Only,' nothing in this Protective Order shall prevent Plaintiffs from providing information to the Bermuda Minister of Finance or IPOC International Growth Fund Limited and/or its corporate affiliates regarding: (i) what documents and information referring or relating to the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were obtained by Defendant from Plaintiffs or their employees or agents, (ii) what Defendant did with such documents and information, (iii) who retained Defendant to obtain such documents and information, (iv) who gave actual instructions to Defendant with respect to obtaining such documents and information, and (v) the reasons why Defendant was retained to obtain such documents and information."

## ARGUMENT

I.  **THE COURT SHOULD ENTER THE PROPOSED PROTECTIVE ORDER AND ORDER THE CONFIDENTIAL" DESIGNATION REMOVED FROM MATERIALS INDICATING WHAT MATERIALS DEFENDANT TOOK FROM PLAINTIFFS, WHAT DEFENDANT DID WITH THOSE MATERIALS, AND WHO DEFENDANT WAS ACTING FOR.**

Fed. R. Civ. P. 26(c)(7) authorizes the Court to enter a protective order prohibiting or limiting disclosure of confidential information upon a showing of "good cause." Fed. R. Civ. P. 26(c).[3] The federal district courts have "broad discretion" to decide the "degree of protection [that] is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). The party seeking to protect information from public disclosure bears the burden of showing that there is "good cause" to maintain confidentiality. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) ("It is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection") (citing Fed. R. Civ. P. 26(c)); *Reliance Ins. Co. v. Barron's,* 428 F. Supp. 200, 202-03 (S.D.N.Y. 1977) (party seeking order of confidentiality with respect to discovery bears burden of demonstrating the required "good cause" supporting issuance of such an order). As shown below, Diligence cannot carry this burden in relation to the information in respect of which Plaintiffs seek to make limited disclosure.

---

[3]   *See also United States v. Microsoft Corp.,* 165 F.3d 952, 959 (D.C. Cir. 1999); *Federal Open Market Comm. of Fed. Reserve Sys. v. Merrill,* 443 U.S. 340, 356 (1979); *EEOC v. National Children's Center, Inc.,* 98 F.3d 1406, 1411 (D.C. Cir. 1996); 8 C. Wright & A. Miller, *Fed. Prac. & Proc.* § 2043 (2d ed. 1994).

### A.  Defendant Has No Legitimate Basis For Preventing Disclosure Of The Information In Question.

The materials Diligence is seeking to protect do not come under any of the categories of information that are typically entitled to confidentiality.  Information about what materials Defendant obtained from Plaintiffs, and what Defendant did with those materials, do not (for example) reflect trade secrets, sensitive commercial information, or personal financial, medical or other information about individuals.  *Cf., e.g., Reliance,* 428 F. Supp. at 200-01 (discussing various categories of commercial information that can be entitled to protection).  Defendant's desire to prevent disclosure of what it did seems to be based only on a desire to prevent disclosure of its own flagrant misconduct.  This is not a legitimate basis for demanding confidential treatment.  *See, e.g., Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165 (6th Cir. 1983) (finding that harm to a company's reputation does not justify sealing court records); *Tinman v. Blue Cross & Blue Shield of Michigan,* 176 F. Supp. 2d 743, 746  (E.D. Mich. 2001) ("mere embarrassment is not enough to satisfy the requirements of . . . FRCP 26(c)"); *Nicklasch v. JLG Industries, Inc.,* 193 F.R.D. 570, 574 (S.D. Ind. 1999) (finding that possible embarrassment is not enough to seal court records).

At issue in this action are confidential materials that were wrongfully taken from Plaintiffs.  They have brought this action to recover these materials and prevent further disclosure of them.  Any confidentiality interest belongs to Plaintiffs alone.  They alone should be entitled to determine when and how information about the IPOC Investigation is disclosed.  Defendants simply do not have standing to assert confidentiality over the materials and information in question.

**B.  KPMG Has A Substantial Need To
To Disclose The Information In Question.**

In determining whether to exercise their discretion to maintain

confidentiality under Rule 26(c), courts often also consider the need for disclosure. *See,*

*e.g.*, *Burka v. Dept. of Health and Human Svcs.*, 87 F.3d 508, 517 (D.C. Cir. 1996).

Here, there is no doubt that Plaintiffs have substantial need to be able to make limited

disclosure to interested parties of the details about the scheme of which they were

victims.

Plaintiffs were appointed by the Bermuda Minister of Finance to

investigate IPOC and related companies pursuant to the Minister's power under Section

132(1) of the Bermuda Companies Act 1981.  At the conclusion of their investigation,

Plaintiffs are *required* to provide a full report of their findings to the Minister and the

companies under investigation.  *See* Bermuda Comp. Act. § 132(7) (stating that

"inspector . . . *shall* on the completion of his investigation report to [the Minister] and

*shall* send copies of such reports to the company") (emphasis added).  Plaintiffs should

not be prevented from demonstrating to the Minister and the companies that they have

taken action to redress the breach of confidentiality caused by Defendant, that they have

a reasonable basis for determining that the integrity of the IPOC Investigation has not

been impaired by Defendant's actions, and that their report has not been influenced by

Defendant's activities.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and the

accompanying Protective Order entered.


Dated: District of Columbia                        Respectfully submitted,
       April 11, 2006

                                       HUGHES HUBBARD & REED LLP

                                       By:

                                       Roberta Koss
                                            D.C. Bar No. 442813
                                       Charles Reed
                                            D.C. Bar No. 490833
                                       Eric S. Parnes
                                          D.C. Bar No. 489071
                                       1775 I Street, N.W.
                                       Washington, D.C.  20006-2401
                                       202-721-4600

                                       Derek J.T. Adler, *Pro Hac Vice*
                                       Hughes Hubbard & Reed LLP
                                       One Battery Park Plaza
                                       New York, NY  10004
                                       212-837-6086


                                       Attorneys for Plaintiffs


Of Counsel:

Richard Blann
Norton Rose
Kempson House
Camomile Street
London EC3A 7AN
England