IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON,<br><br>Plaintiffs,<br><br>v.<br><br>DILIGENCE LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No: 05-2204<br>) (PLF) (AK) <u>(Redacted)</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF DEREK J.T. ADLER**

I, Derek J.T. Adler, hereby declare as follows:

1. I am a member of the bar of the State of New York, admitted *pro hac vice* in this case, and am a partner of Hughes Hubbard & Reed LLP, counsel for Plaintiffs herein. I make this Declaration in support of Plaintiffs' motion to remove the "Confidential" designation Defendant has placed on certain documents and for entry of the proposed Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents.

**<u>Background of the Motion</u>**

2. On or about March 18, 2004, the Minister of Finance of Bermuda appointed Plaintiffs Malcolm Butterfield and Michael Morrison of KPMG Financial Advisory Services Ltd ("KPMG") as statutory Inspectors to conduct an investigation of the business and affairs of a Bermuda company called IPOC International Growth Fund Ltd, along with its corporate affiliates (the "IPOC Investigation"). Plaintiffs' activities in furtherance of this appointment have included interviewing witnesses and preparing draft working papers analyzing

and summarizing the information they have gathered.  Pursuant to Bermuda law, all aspects of the investigation are required to be kept confidential.  The IPOC Investigation remains ongoing but is expected to be completed in the near future.  Upon completion, Plaintiffs will issue a report of their findings to the Minister of Finance and the companies under investigation.

3.  In July 2005, evidence came to light suggesting that there had been a breach of the confidentiality of the IPOC Investigation.  In a Zurich arbitration in which IPOC was the claimant, IPOC's adversary submitted papers that included material taken verbatim from internal working papers prepared by KPMG in connection with the IPOC Investigation.  After learning of this, KPMG made unsuccessful efforts to ascertain how the opposing party to the Zurich arbitration had obtained access to materials from the IPOC Investigation.

4.  On or about October 18, 2005, a bundle of papers was delivered anonymously to the Montvale, New Jersey office of KPMG International's U.S. member firm, KPMG LLP.  The documents included copies of internal emails and other business records of Defendant, Diligence LLC ("Diligence"), along with confidential documents that had evidently been taken from KPMG's files on the IPOC Investigation.

5.  On November 10, 2005, KPMG and the Inspectors commenced the present action asserting claims against Diligence for (1) fraud, (2) conversion/misappropriation, and (3) unjust enrichment.  On November 11, 2005, the Court entered an interim ex parte order directing Diligence (in summary) to (1) cease further contact with KPMG personnel, (2) cease onward disclosure of materials obtained from KPMG related to the IPOC Investigation and materials derived therefrom, and (3) preserve all materials in its possession related to the IPOC Investigation.

NY 1039310_2.DOC

6. By Memorandum Opinion and Order dated February 14, 2006, the Court denied Defendant's motion to dismiss and directed the parties to submit proposed schedules for pre-trial proceedings. Because Plaintiffs are currently in the process of completing the IPOC Investigation, they have an urgent need to ascertain the extent of Defendant's breach of confidentiality and confirm that Defendant's actions have not compromised their work. Plaintiffs therefore requested that Defendant be ordered to make its CEO, and a corporate representative, available for depositions no later than March 31, 2005. In the March 13 Scheduling Order the Court granted this request, while setting August 31, 2005 as the overall deadline for the completion of discovery.

7. Defendant began producing documents the week of March 27. Although counsel for the parties had begun negotiations towards an agreed confidentiality order, these negotiations were not concluded prior to when Defendant produced documents and made its corporate representative available for deposition. Accordingly, counsel for Plaintiffs agreed to abide by Defendant's proposed restrictions on an interim basis, pending entry of a final form of protective order by the Court.

8. Defendant has designated all of the documents it has produced, and the entire transcript of the deposition of its corporate representative, as "confidential" under the terms of its proposed draft confidentiality order.

9. Defendant's version of the proposed Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents includes a paragraph (No. 29) that would ensure Plaintiffs can make the required disclosures.[1] This provision has been rejected by Defendant.

---

[1] Paragraph 29 of the proposed order provides:

3

NY 1039310_2.DOC

## Facts Disclosed in Discovery To Date

10. Discovery to date has revealed the following undisputed facts, which Plaintiffs should be at liberty to disclose:

11.



12.



---

"Notwithstanding designation of any document, information or testimony as 'Confidential' or 'Attorneys' Eyes Only,' nothing in this Protective Order shall prevent Plaintiffs from providing information to the Bermuda Minister of Finance or IPOC International Growth Fund Limited and/or its corporate affiliates regarding: (i) what documents and information referring or relating to the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were obtained by Defendant from Plaintiffs or their employees or agents, (ii) what Defendant did with such documents and information, (iii) who retained Defendant to obtain such documents and information, (iv) who gave actual instructions to Defendant with respect to obtaining such documents and information, and (v) the reasons why Defendant was retained to obtain such documents and information."

4

NY 1039310_2.DOC

13.

*REDACTED*

14.

### Compliance With Local Civil Rule 7(M)

15.    Pursuant to Local Civil Rule ("LCvR") 7m, I have discussed the substance of this motion with counsel for Defendant Diligence LLC ("Diligence") in a good faith effort to resolve this dispute without the Court's intervention. I have held a series of telephone conversations and exchanged a number of emails with Oliver Garcia, Esq. of the Aegis Law Group, since March 15 in an effort to reach agreement on the terms of a proposed protective order governing confidential information. Through these discussions we have reached agreement on all of the terms of the proposed order except the term that is the subject of this motion, *i.e.*, Paragraph 29. Mr. Garcia has confirmed to me that Defendant objects to the inclusion of this paragraph and continues to maintain that the categories of information addressed in it are entitled to protection as confidential information.

NY 1039310_2.DOC

\*             \*             \*

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed On April 11, 2006

_____
Derek J.T. Adler

6

NY 1039310_2.DOC