# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and ) Civil Action No. 05-2204 (PLF)(AK)
MICHAEL MORRISON, )
                         )
         Plaintiffs, )
                         )
v. )
                         )
DILIGENCE LLC )
                         )
         Defendant. )
_____ )

## PROTECTIVE ORDER GOVERNING CONFIDENTIALITY
## AND INADVERTENT DISCLOSURE OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Protective Order governing confidentiality and inadvertent disclosure of documents.

## I. Scope of Order

1. The Court finds that disclosure and discovery activities in these proceedings are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted, and that the parties have therefore shown good cause for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

2. This Order shall govern the remaining proceedings in this matter and any related

actions that have been or may be originally filed in, transferred to, or removed to this Court and assigned hereto.

3.     This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this action proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this proceeding to any other party or parties.

4.     This Protective Order is binding upon the parties to this proceeding and their respective attorneys, employees, agents and others who act on their behalf and who may obtain documents or information disclosed in this proceeding.  Each party undertakes to ensure that its attorneys, employees, agents and other who act on the party's behalf and who obtain documents or information disclosed in this proceeding are made aware of this Protective Order and that they act in conformity herewith. This Order is also binding on any party or non party who obtains any documents or other information produced or disclosed in this proceeding and who has actual notice of this Protective Order.

5.     The entry of this Protective Order does not prevent any party from seeking a further order of this Court or to modify this Protective Order pursuant to Federal Rule of Civil Procedure 26(c), nor do the parties waive any rights that they may otherwise have under the Federal Rules of Civil Procedure.

6.     Nothing herein shall be construed to affect in any manner the admissibility at trial

or any other court proceeding of any document, testimony, or other evidence.

## II.    Designation of "Confidential" and "Attorneys' Eyes Only" Information

7.     Any party or non party who produces documents, records or other information in response to a discovery request in this proceeding (a "Producing Party") and who believes in good faith that such documents, records or information should be protected from disclosure may designate such documents, records or other information as "Confidential" or "Attorneys' Eyes Only" in accordance with the terms of this Protective Order.  For purposes of this Protective Order, the information subject to designation as "Confidential" or "Attorneys' Eyes Only" may include oral or written testimony; declarations; records; documents; pleadings; information contained within testimony; records, documents, and pleadings; and other information and materials, which have been or will be filed with the Court or produced to a party during the course of this litigation.

8.     When used in this Protective Order, the term "document(s)" shall include, without limitation, all "originals" and "duplicates" of all "writings," "recordings," and "photographs," as those terms are defined in Section 1001 of the Federal Rules of Evidence, and shall include without limitation all written, typed, photostatic, photographed, recorded, telecopied, photocopied, or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds, symbols, electronic data/recording, computer data/files/code, or any combination thereof.  Without limiting the foregoing, the term "Document(s)" includes all

writings, papers, agreements, contracts, correspondence, letters, facsimile transmissions,

memoranda, reports, notes, telegrams, telex, envelopes, statements, studies, publications, records,

messages, books, pamphlets, leaflets, inter-office and intra-office communications, notebooks,

instruments, transcripts, minutes, agendas, indexes, cards, diaries, drafts, revisions, photocopies,

calendars, appointment records, disclosures, questionnaires, histories, chronologies, time-lines,

medical records and reports, health care records and reports, mental health records and reports,

notices, investigation reports and materials, declarations, accountings, evaluations, summaries,

valuations, audits, verifications, inventories, appraisals, studies, endorsement, powers of attorney,

account statements, receipts, invoices, financial statements, balance sheets, ledgers, books,

income statements, expense reports, bills, billing records, checks, canceled checks, check stubs,

bank records, bank deposits and withdrawals, wire transfer and receipt records, accounts

receivable, accounts payable, tax records, safe deposit records, telephone bills and records,

microfilm, electronic mail, microfiches, computer indices, computer printouts, records stored by

means of computer or other electronic means, contents of computer hard discs, contents of

computer backup tapes and discs, photographs, videotapes, films, motion pictures, video discs,

audio recordings and cassettes, transcriptions, drawings, surveys, plans, blueprints,

specifications, charts, graphics, notes or oral or telephone communications, other written

transfers or information, and other data compilations.  The term "other data compilations"

includes information stored in, or accessible through, computer or other information retrieval

systems, whether or not in hard copy form, together with instructions and all other materials

necessary to use or interpret such data compilations.

9.      Unless and until otherwise ordered by the Court, or agreed to in writing by and between the parties to this case, all material designated as "Confidential" or "Attorneys' Eyes Only" will not be disclosed except in strict accordance with the terms of this Protective Order.

10.      A Producing Party may designate as "Confidential" only documents, information or testimony which contain non-public, confidential, proprietary or commercially sensitive information, or information of an intimate, personal nature that the Producing Party reasonably believes, in good faith, should not be disclosed to any person other than the persons specified in Paragraphs 18 and 19 herein.  Absent a specific order of the Court, once designated "Confidential," such information will be used by the parties solely in connection with this lawsuit and not for any business, competitive, or other function, and such information shall not be disclosed to anyone except as provided herein.

11.      A Producing Party may designate as "Attorneys' Eyes Only" only documents, information or testimony which contain trade secrets or methods, client lists, internal proprietary business information that might reasonably be of value to a Producing Party's competitor, information that the Producing Party reasonably believes must be kept confidential under law, or information the disclosure of the Producing Party reasonably believes may interfere with the Producing Party's performance of its business or professional functions or duties.  Absent a specific order by the Court, once designated "Attorneys' Eyes Only," such information will be used by the parties solely in connection with this lawsuit and not for any business, competitive,

- 5 -

or other function, and such information shall not be disclosed to anyone except as provided herein.

12.     A Producing Party may designate documents, materials, or things as "Confidential" or "Attorneys' Eyes Only" by affixing the Document, material, or thing with a stamp bearing the words "CONFIDENTIAL – Subject to Protective Order" or "ATTORNEYS' EYES ONLY – Subject to Protective Order," as the case may be, in a location that makes the designation readily apparent.

13.     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Producing Party may designate such matters as confidential by cover letter referring generally to such matter.  Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL – Subject to Protective Order" or "ATTORNEYS' EYES ONLY – Subject to Protective Order" designation.

14.     Any party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order must do so either on the record at the time of the designated testimony or up to thirty (30) calendar days after receipt of the transcript. The transcript of testimony shall reasonably delineate the beginning and end of designated and non-designated testimony, with any page of the transcript that contains designated testimony

bearing a prominent Confidential Designation.  Testimony relating to exhibits designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be designated the same as such exhibits.  Separate transcripts of designated and non-designated testimony need not be prepared. Any party requesting to designate deposition testimony and/or exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the deposition is transcribed shall create a list of the numbers of pages and lines of the transcript that are to be designated.  Such list shall be set forth on one or more separate pieces of paper, the first of which shall bear the caption of the action and a statement identifying:  (1) the name of the person deposed; (2) the time, date, and place of the deposition; and (3) the name of the attorney conducting the deposition.  The requesting party shall insert the list before the cover page of the deposition transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

15.     Any party may designate as "Confidential" or "Attorneys' Eyes Only" documents or discovery materials produced by another party or by a non-party by providing written notice to the parties of the relevant document Bates numbers or other identifying features within ten (10) business days after receiving such Documents or discovery materials.  The time for designating documents will not begin to run against a party until such party receives any non-party Documents.

16.     If any party objects to the designation of any document, information or testimony as "Confidential" or "Attorneys' Eyes Only," such party may, in writing, request that the

Producing Party remove or change the designation (the "Written Objection").  The Written

Objection shall specifically identify the information or Documents at issue.  The Producing Party,

through its counsel, shall respond in writing within three (3) business days of receipt of the

Written Objection, or within such period of time as may be agreed between the parties.  If the

Producing party refuses to remove its challenged designation, its written response to the Written

Objection shall state the reasons for this refusal and the basis for the designation.   Counsel shall

then confer in good faith and an attempt to resolve the dispute concerning the designation within

three (3) business days after receipt of the Producing Party's written response.  If the parties are

unable to resolve such dispute, the objecting party may thereafter file a motion or otherwise seek

resolution by the Court.  In the event of such motion or application the documents, information

or testimony in question may be submitted to the Court for in camera review.

     17.    Subject to the provisions of this Protective Order, Documents designated

"Confidential" and "Attorneys' Eyes Only" may be referred to in discovery, discovery responses,

motions, briefs or other papers filed with the Court and may be used in depositions, oral

arguments or at trial in this action either as exhibits or as the basis for questions.  Any party that

intends to file with the Court or in any publicly available pleading papers containing documents

or information designated "Confidential" and/or "Attorneys' Eyes Only" or derived from, or

derivative of, documents or information designated as such, must submit an original for

placement in the Court's publicly-available case file which redacts all "Attorneys' Eyes Only"

and "Confidential" information or material, and also must provide the chambers of the

Magistrate Judge assigned to this matter with both redacted and unredacted versions of such filing.

18.     Any and all material designated as "Confidential" under this Protective Order will not be disclosed, directly or indirectly, to any person other than:

(a)     the Court and necessary Court personnel;

(b)     the named parties in this action, including their officers, directors, and managing directors;

(c)     the attorneys for each party to this action and, as reasonably necessary, the support staff of such attorneys and outside copying vendors employed by such attorneys;

(d)     court reporters performing necessary duties in this action; and

(e)     subject to prior compliance with the terms of Paragraph 20 below, any witness designated to provide deposition and/or trial testimony in this matter.

19.     Any and all material designated as "Attorneys' Eyes Only" pursuant to this Protective Order will not be disclosed, directly or indirectly, to any person other than:

(a)     the Court and necessary Court personnel;

(b)     outside counsel to the parties who are attorneys of record in this action and, as reasonably necessary, the support staff of such attorneys and outside copying vendors employed by such attorneys;

(c)     court reporters performing necessary duties in this action; and

(d)     subject to prior compliance with Paragraph 20 below, any author or

recipient of a Document for purposes of giving or preparing for deposition or trial testimony in this matter.

20.     All persons to whom "Confidential" or "Attorneys' Eyes Only" designated documents, materials, things, or information is disclosed pursuant to Paragraph 18(e) and/or Paragraph 19(d) of this Protective Order shall not reveal or discuss such documents, materials, things, or information, except as expressly set forth herein, and shall be required to sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A.

21.     If documents, materials, things, or information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order are called for in a subpoena or other legal process, the person to whom disclosure of the subpoenaed information is directed shall promptly give written notice thereof to each party that has designated the information "Confidential" or "Attorneys' Eyes Only" and shall use best efforts to give the Producing Party a reasonable opportunity to seek to quash or otherwise seek relief from the subpoena or other legal process.  If reasonably possible, the party receiving such subpoena or process shall not produce the documents or information until at least thirty (30) days after providing such notice.

22.     At any time after thirty (30) calendar days following the conclusion of this action, including any appeal, a Producing Party may request in writing to all parties that all documents, information or testimony designated "Confidential" or "Attorneys' Eyes Only" that it produced during the course of the action be destroyed or returned to the Supplying Party along with all hard copies and electronic copies thereof, and all materials derivative thereof other than materials

filed with the Court. Subject to the following paragraph, the parties shall destroy or return all such documents upon request.

23.   After the conclusion of this action counsel for the parties may retain their notes, abstractions, or other work product derived from or containing documents, information or testimony designated as "Confidential" or "Attorneys' Eyes Only", but shall be obligated to maintain the confidentiality of such work product and keep it secure and shall not disclose or reveal the contents of said notes, abstractions or other work product. Nothing in this Protective Order requires the Receiving Party's counsel to disclose protected work product at the conclusion of this action.

24.   In the event that any additional party is added to this action, that new party will not have access to "Confidential" or "Attorneys' Eyes Only" Information produced by or obtained from any party or non-party until the newly added party and its counsel of record confirms in writing to all other parties that they have read this Protective Order and agree to be bound by all of its terms.

25.   Nothing in this Protective Order shall prevent Plaintiffs from seeking to recover physical possession of all documents it asserts Defendant wrongfully obtained from Plaintiffs, including all copies thereof, and materials incorporating information derived from such documents, and from seeking to expunge all such documents and information derived therefrom from all digital and electronic storage media under Defendant's control.

26.   Nothing in this Protective Order shall limit any Producing Party's use or

disclosure of its own documents and information or documents and information obtained from any source other than a Producing Party, nor shall a Producing Party's designation of documents, information or testimony as "Confidential" or "Attorneys' Eyes Only" limit such party's rights to disclose such documents, information or testimony outside this proceeding.

27.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof relying generally on knowledge they have gained based on their review of documents, information or testimony designated as "Attorneys' Eyes Only", provided that in rendering such advice or communicating with the client counsel shall not make specific disclosure of any information or materials so designated.

28.     This Protective Order will survive the final determination of this action and will remain in full force and effect after the conclusion of all proceedings.  The Court shall retain jurisdiction to enforce the terms of this Protective Order.

29.     Notwithstanding designation of any document, information or testimony as "Confidential" or "Attorneys' Eyes Only", nothing in this Protective Order shall prevent Plaintiffs from providing information to the Bermuda Minister of Finance or IPOC International Growth Fund Limited and/or its corporate affiliates regarding:  (i) what documents and information referring or relating to the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were obtained by Defendant from Plaintiffs or their employees or agents, (ii) what Defendant did with such documents and information, (iii) who retained Defendant to obtain such documents and information, (iv) who gave actual instructions to Defendant with respect to

obtaining such documents and information, and (v) the reasons why Defendant was retained to obtain such documents and information.

### III. **Inadvertent Production and Failure to Designate**

30.     The parties recognize that in the course of discovery, it is possible that a Producing Party may inadvertently produce documents or information which are entitled to protection from disclosure under the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection available under District of Columbia or other applicable law, or may inadvertently fail to designate a document as "Confidential" or "Attorneys' Eyes Only." The parties agree that the erroneous or inadvertent production of any material entitled to protection from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection available under District of Columbia or other applicable law, will not constitute a waiver of such protection as to either the subject matter of the material, or as to related documents or communications. Nor will any inadvertent failure to properly designate a document or information "Confidential" or "Attorneys' Eyes Only" constitute a waiver of such document or information's eligibility to be designated as such pursuant to this Order.

31.     If during document production, a Producing Party inadvertently produces a document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection under District of Columbia or other

- 13 -

applicable law, the Producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, whereupon the other party will within one (1) business day return of the inadvertently produced document along with all copies thereof and all materials derivative thereof (and will delete any electronic images containing such information).

      32.     If a Producing Party inadvertently fails to properly designate a document "Confidential" or "Attorneys' Eyes Only," the Producing Party may request that such document be accorded all protections under this Order of a "Confidential" or "Attorneys' Eyes Only" Document, provided that the Producing Party informs the party who received such document (the "Receiving Party") of the inadvertent failure to so designate promptly after learning of the inadvertent failure to designate and also provides a copy of the document to the Receiving Party with the appropriate designation. The Receiving Party shall not be responsible for any disclosure or use of a document inconsistent with the terms of this Protective Order prior to receiving notice that the Producing Party has designated the document as "Confidential" or "Attorney's Eyes Only."

      33.     If any Receiving Party learns of any unauthorized disclosure of documents, information or testimony that has been designated as "Confidential" or "Attorneys' Eyes Only", it shall immediately (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of such documents, information or testimony, (c) inform the person or persons to whom unauthorized disclosures were made of all

- 14 -

of the terms of this Protective Order, and (d) request such person or persons execute the

Acknowledgment that is attached hereto as Exhibit A.

      34.    Exceptions or modifications to this Order may be made only by order of this

Court.



      SO ORDERED


DATED: _____      _____

                          United States Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGEMENT

I, _____, hereby acknowledge that: (i) I have read the foregoing Protective Order, dated _____, 2006, which I am informed has been entered by the Court in the lawsuit captioned KPMG Financial Advisory Services Limited, et al. v. Diligence LLC, Civil Action No. 05-2204 (PLF); (ii) I understand the terms of the Protective Order; (iii) I agree, upon the potential penalty of contempt of court and other civil remedies under the laws of the District of Columbia, to be bound by the terms of the Protective Order and will not reveal documents, information or testimony designated as Confidential or Attorneys' Eyes Only to anyone except as expressly directed by order of the Court; (iv) I agree to keep all documents, information and testimony designated as Confidential or Attorneys' Eyes Only, and all copies thereof and all materials derivative thereof, in a secure manner to avoid access by any other person, and will return such documents, information or testimony promptly upon receiving a request to do so from the party or other person who provided such documents, information or testimony to me; and (v) I submit my person to the jurisdiction of the United States District Court for the District of Columbia for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATE: _____ _____
                                          (Signature)

                    Name: _____
                    Business Address: _____
                                      _____
                                      _____

- 16 -