## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, et al., | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civil Action No. 05-2204 (PLF) (AK) |
| DILIGENCE LLC | ) ) | |
| *Defendant.* | ) ) | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION ON CERTAIN DOCUMENTS AND TESTIMONY AND FOR ENTRY OF PROTECTIVE ORDER

Defendant Diligence, Inc. ("Diligence"), through undersigned counsel,

respectfully requests, for the reasons set forth below, that the Court (i) deny Plaintiffs' motion to

remove the "Confidential" designation on certain (unspecified) documents and testimony, and

(ii) enter, pursuant to Federal Rule of Civil Procedure 26(c)(7), the form of Protective Order

attached hereto at Tab A in lieu of the form of Protective Order requested by Plaintiffs.

### INTRODUCTION

Plaintiffs, who previously filed this entire case under seal, previously urged the

Court to reconsider its decision to lift that seal, previously stipulated to the redaction of the

majority of pleadings in this case, and have themselves moved for entry of a blanket protective

order governing discovery, now ask the Court for a broad carve-out to that protective order to allow them—but not Diligence—to provide discovery designated "Confidential" by Diligence to nonparties located outside of the United States and not subject to this Court's jurisdiction. Underscoring the highly unusual and one-sided nature of Plaintiffs' request, the proposed provision that would allow this—Paragraph 29 of Plaintiffs' proposed protective order (Diligence's requested version of the protective order excludes that language)—would confer upon Plaintiffs the unlimited, unchallengeable, and unreviewable authority to determine what discovery material to give to these nonparties (who, in turn, would be free to further disseminate the material to others). For the reasons set forth below, Plaintiffs' motion should be denied.

## BACKGROUND

### A.    The Confidential Treatment of This Case to Date.

On November 10, 2005, Plaintiffs commenced this action by filing a Complaint and various additional pleadings, including a motion to seal the *entire* case file on confidentiality grounds. Chief Judge Hogan granted the motion to seal the case file for an indeterminate period, and the case was subsequently assigned to Judge Friedman.

The following day, Judge Friedman entered an order that, among other things, directed the Clerk of the Court to unseal the case file upon Plaintiffs' notification to the Court that Diligence had been served with Plaintiffs' filings. Plaintiffs responded by filing a Motion

for Reconsideration or Modification of the Court's Order Unsealing the Case File, which urged

the Court to maintain the entire case file under seal because, among other things, "there is no

need for public access to the documents at issue," and because Plaintiffs' methods of

investigating are "confidential and represent[] proprietary business strategies of Plaintiffs which

should not be made available to the public." Pls. Mem. of P & A in Support of Reconsideration

or Modification of the Court's Order Unsealing the Case, at 5 and 10.

      Diligence, for its part, filed a separate Motion to Maintain Case Under Seal. In its

motion, Diligence noted that the case file contains numerous "copies of, quotations from, and

citations to documents" that "include internal emails, task lists, and other materials related to

investigation strategies; internal emails concerning the timing and purpose of client-related

travel; internal materials related to client payments, and other internal documents." Def. Mem.

in Support of Defendant's Motion to Maintain Case Under Seal, at 5. Plaintiffs did not oppose

Diligence's motion.

      By stipulation dated January 20, 2006, in connection with a partial lift of the seal

on this case, Plaintiffs and Defendant agreed to extensive redactions of the documents previously

filed by the parties. See Joint Stipulation Regarding Proposed Redactions to Case File. Since

then, each party has filed its pleadings in redacted form in order to protect the confidentiality of

information relating to this case. In fact, Plaintiffs filed two sets of papers in connection with the

instant Motion: an unredacted set, filed under seal; and a redacted set to be placed in the publicly-available court docket.

**B.      Status of Discovery.**

Discovery in this action has just begun.  Following entry of the Scheduling Order on March 13, 2006, Diligence produced thousands of pages of internal work papers and emails to Plaintiffs between March 27 and March 29.  Because those work papers and internal emails related to a confidential client engagement (the "KPMG Matter"), Diligence designated these materials "Confidential" pursuant to the terms of a draft protective order; both parties agreed to adhere to that draft order pending formal entry of a Protective Order by the Court.  See Pls. Mem. of P & A in Support of Motion to Remove "Confidential" Designation on Certain Documents and Testimony and for Entry of Protective Order ("Pls. Mem."), p. 3.

On March 31, 2006, Plaintiffs took the corporate deposition of Diligence pursuant to Federal Rule of Civil Procedure 30(b)(6).  At the conclusion of that deposition, Plaintiffs' counsel, on the record, designated the entire transcript as "Confidential" pursuant to the draft protective order.  Diligence's counsel did not object.

Plaintiffs have not yet responded to Defendant's first Requests for Production of Documents or Interrogatories, nor have they produced any witnesses for deposition.  Thus,

Diligence is presently the only party to have produced discovery materials to its adversary in this case.

**C.    The Parties' Agreement on Entry of a Protective Order.**

As Plaintiffs correctly note, the parties have "reached agreement on all aspects of a proposed protective order except for one." Pls. Mem. at 3. The sole disputed paragraph – Paragraph 29 of Plaintiffs' proposed version—would confer on Plaintiffs the power to determine unilaterally, and without any procedures for Diligence to challenge those determinations or for review by this Court, which materials designated "Confidential" or "Attorneys' Eyes Only" by Diligence may be given to nonparties IPOC (and its eleven affiliated Bermudian companies) and the Bermudian Minister of Finance *notwithstanding such designations*. Diligence objects to this grossly one-sided, indeterminate, and unreviewable exception to the otherwise fair and mutual confidentiality obligations set out in the draft protective order.

For the reasons set forth below, Diligence respectfully requests that the Court enter the form of Protective Order attached hereto at Tab A, which is identical in all respects to Plaintiffs' proposed protective order except that it excludes Plaintiffs' proposed Paragraph 29.

**ARGUMENT**

Plaintiffs' motion to remove the "Confidential" designation on various discovery material is perhaps most notable for its complete absence of specificity. Plaintiffs simply have

not bothered to identify *any* specific document or deposition testimony that they claim has been

improperly designated as "Confidential" by Diligence. Rather, as their motion papers make

clear, Plaintiffs ask the Court to allow them, in their sole and absolute discretion, to unilaterally

decide which of Diligence's documents and testimony may be provided to nonparties to this

ligation not subject to the jurisdiction of this Court (who, in turn, could do whatever they want

with such material).

Not only is Plaintiffs' proposal unreasonably one-sided and highly prejudicial to

Diligence, it is expressly contrary to the procedures agreed to between the parties for challenging

confidentiality designations. Moreover, although Plaintiffs complain about the designation of

Diligence's deposition as "Confidential," Plaintiffs' motion papers ignore the fact that it was

Plaintiffs themselves who designated it.

For the reasons set forth below, Plaintiffs' request for a blank check to de-

designate any and all of Diligence's discovery materials as they alone see fit should be rejected.

## I.    PLAINTIFFS' MOTION MUST BE DENIED FOR FAILURE TO SPECIFY WHICH MATERIALS THEY SEEK TO DE-DESIGNATE, AS REQUIRED BY THE PROCEDURES AGREED TO BETWEEN THE PARTIES.

Plaintiffs indisputably have failed to follow the designation-challenge procedures

to which they agreed at the outset of discovery in this case – procedures that are set forth in the

very Protective Order Plaintiffs now ask the Court to enter.

Paragraph 16 of that draft protective order—which the parties have agreed to and jointly ask the Court to enter—states as follows:

16.    If any party objects to the designation of any document, information or testimony as "Confidential" or "Attorneys' Eyes Only," such party may, in writing, request that the Producing Party remove or change the designation (the "Written Objection"). The Written Objection shall specifically identify the information or Documents at issue. The Producing Party, through its counsel, shall respond in writing within three (3) business days of receipt of the Written Objection, or within such period of time as may be agreed between the parties. If the Producing party refuses to remove its challenged designation, its written response to the Written Objection shall state the reasons for this refusal and the basis for the designation. Counsel shall then confer in good faith and attempt to resolve the dispute concerning the designation within three (3) business days after receipt of the Producing Party's written response. If the parties are unable to resolve such dispute, the objecting party may thereafter file a motion or otherwise seek resolution by the Court. In the event of such motion or application the documents, information or testimony in question may be submitted to the Court for in camera review.

Defendant's Proposed Protective Order, ¶ 16.

Plaintiffs have failed to do any of this. In clear contravention of the above-quoted procedure agreed upon between the parties, Plaintiffs never provided Diligence with Written Objections to Diligence's "Confidential" designation of its internal documents produced to Plaintiffs. By failing to identify *which* documents and *which* portions of deposition testimony they seek to de-designate as "Confidential," Plaintiffs virtually ensured that this discovery dispute would not—indeed, could not—be resolved between the parties. Regrettably, Plaintiffs' rush to the courthouse defeats a principal advantage to the parties and the Court from entry of an

agreed-upon protective order governing pretrial discovery. See United States v. Diabetes Treatment Ctrs. of America, 2004 WL 2009414 at *3 (D.D.C. May 17, 2004) (noting that a key benefit of protective orders in civil cases is that they "promote the judicial preference that parties work out discovery issues without court intervention, allow parties to object to any specific confidentiality designation, and provide the parties with the option of judicial intervention").

Rather than identify specific documents and specific testimony that Plaintiffs seek to de-designate as "Confidential" – a procedure to which Plaintiffs agreed – Plaintiffs instead ask this Court to de-designate five broad categories of information:

> (i) what documents and information referring or relating to the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were obtained by Defendant from Plaintiffs or their employees or agents,
>
> (ii) what Defendant did with such documents and information,
>
> (iii) who retained Defendant to obtain such documents and information,
>
> (iv) who gave actual instructions to Defendant with respect to obtaining such documents and information, and
>
> (v) the reasons why Defendant was retained to obtain such documents and information.

Plaintiffs' Proposed Protective Order, ¶ 29.

Collectively, these broad categories of documents encompass virtually every allegation in Plaintiffs' Complaint, and the vast bulk (if not the entirety) of Diligence's

document production and the corporate Rule 30(b)(6) deposition of Diligence. Reduced to its essence, what Plaintiffs really seek is an order allowing them to give *all* pretrial discovery produced by Diligence to nonparties, while subjecting all of Plaintiffs' own discovery (which has not occurred yet) to the blanket protective order they ask the Court to enter.

Not only is Diligence's requested relief manifestly inequitable, the asserted justification for it prematurely and improperly presupposes the outcome of this litigation, effectively asking this Court to order (premature) relief based upon Plaintiffs' conclusory assertions that Diligence's conduct was wrongful.[1] But there has been no such judicial determination on the merits—to the contrary, discovery is only just beginning and Plaintiffs have yet to produce *any* discovery of their own. Not only does Diligence contest each of Plaintiffs' theories of liability, Diligence has asserted numerous affirmative defenses. By contending that they should be allowed to hand off Diligence's confidential pretrial discovery to nonparties because Diligence (allegedly) committed wrongdoing, Plaintiffs have prematurely and inappropriately assumed the success of their own claims and ignored the validity of Diligence's affirmative defenses.

---

[1] Plaintiffs' motion papers repeatedly make the claim that "[d]iscovery to date has revealed the following undisputed facts." See Declaration of Derek J.T. Adler, ¶¶ 10-14; Pls. Mem. at 1. Contrary to Plaintiffs' suggestion, however, Diligence vigorously disputes the accuracy of Plaintiffs' statement of the background facts and the legal conclusions drawn from them. Plaintiffs' assumptions that they will prevail are just that – assumptions – and should be given no credit whatsoever in deciding the appropriate terms of a protective order to govern pretrial discovery in this case.

Lastly, it should be noted that Plaintiffs inexplicably expend considerable effort in their opening Memorandum arguing a point of law that simply is not at issue. Specifically, Plaintiffs cite various authorities setting forth the criteria that should guide a district court in determining *whether to enter* a protective order or to lift a Court's seal on all or a portion of a case file. See Pls. Mem. at 5-7. Here, of course, the parties are in agreement that a protective order governing all discovery (i.e., a "blanket" order) should be entered in this case because, as the parties' agreed-upon protective order language states,

> the disclosure and discovery activities in these proceedings are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted, and that the parties have therefore shown good cause for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

Pls. Proposed Protective Order, ¶ 1. Thus, contrary to the implication in Plaintiffs' motion papers, the issue with respect to de-designation is not whether to enter a Protective Order, but rather whether Plaintiffs have followed the agreed-upon procedures set forth in Paragraph 16 to challenge Diligence's confidentiality designations. They plainly have not.

Ultimately, even in the wake of Plaintiffs' motion to de-designate materials as "Confidential," neither Diligence nor the Court knows what specific documents and deposition testimony are at issue because Plaintiffs have not bothered to identify the specific material they

believe has been improperly designated "Confidential." Plaintiffs' motion should be denied on this ground alone.

## II.    THE PROTECTIVE ORDER SHOULD NOT ALLOW PLAINTIFFS TO DISSEMINATE DILIGENCE'S INTERNAL, CONFIDENTIAL CLIENT FILES TO NONPARTIES TO THIS LITIGATION.

Plaintiffs, who filed this case under seal, filed a motion to reconsider the Court's stated intent to lift that seal, requested entry of a protective order, and designated the entire transcript of the only deposition taken thus far as "Confidential," ask the Court to allow them (and only them) to give materials designated "Confidential" by Diligence to nonparties located outside of the United States and not subject to this Court's jurisdiction. To make matters worse, Plaintiffs' desired provision in this regard—Paragraph 29 of Plaintiffs' proposed order—would confer upon Plaintiffs the unlimited, unchallengeable, and unreviewable power to determine what discovery material may be given to these nonparties.

### A.    Plaintiffs Erroneously Contend That Diligence's Confidential Work Papers and Internal Documents Do Not Qualify for Protection from Public Disclosure Under Rule 26(c)(7).

Even if Plaintiffs had followed the mutually agreed-upon provisions in the protective order by "specifically identify[ing] the information or Documents at issue," Plaintiffs' Proposed Protective Order, ¶ 16— and, as discussed above, they plainly did not—Plaintiffs' motion would nevertheless lack merit because it is predicated on a faulty premise: that

Diligence's internal documents relating to the KPMG Matter cannot, as a matter of law,

constitute "commercial information" protectable from public dissemination by a Protective

Order entered under Fed. R. Civ. P. 26(c)(7).  Plaintiffs' cramped reading of Rule 26(c)(7) is

contrary to its plain language and the caselaw applying it.

   Under its plain terms, Rule 26(c)(7) provides that a protective order is

appropriately entered to ensure that "a trade secret or other <u>confidential</u> research, development,

<u>or</u> <u>commercial</u> information not be revealed or be revealed only in a designated way."  Fed. R.

Civ. P. 26(c)(7) (emphasis added); <u>see also</u> <u>AMFAC Resorts v. U.S. Department of the Interior</u>,

143 F. Supp. 2D 7, 14 (D.D.C. 2001) (noting same).  As this Court has noted, blanket protective

orders—such as the one agreed to between the parties here (with the exception of one disputed

paragraph)—"serve, in great measure, to foster efficiency and fairness in the discovery process,"

and have become standard in complex [commercial] cases."  <u>Diabetes Treatment Ctrs. of</u>

<u>America</u>, 2004 WL 2009414 at *3; <u>see also</u> <u>Gillard v. Boulder Valley School Dist.</u>, 196 F.R.D

382, 386 (D. Colo. 2000) ("blanket protective orders are essential to the functioning of civil

discovery.  Absent such orders, discovery would come to a virtual standstill.") (alterations

omitted).

   As stated in the Declaration of Glenn T. Ware, filed with this motion, Diligence's

files and work papers relating to the KPMG Matter produced thus far in discovery are non-

public, confidential documents relating to Diligence's commercial engagement by a client to

perform services on a confidential basis.   See Declaration of Glenn T. Ware in Opposition to

Plaintiffs' Motion to Remove "Confidential" Designation on Certain Documents and Testimony

and for Entry of Protective Order,  ¶ 3.   Because it was considered a highly confidential client

matter, only a handful of employees within Diligence were aware of the KPMG Matter.   See id.

       In their Complaint, Plaintiffs essentially acknowledge the confidential nature of

Diligence's investigative file and internal work papers and emails.   See Complaint, ¶ 15

(describing Diligence's "internal emails and other business records" relating to the KPMG

Matter).   Indeed, when urging the Court last year to reconsider its stated intent to lift the seal on

the entire case file, Plaintiffs argued that their own methods of investigating are "confidential

and represent[] proprietary business strategies of Plaintiffs which should not be made available

to the public." Pls. Mem. of P & A in Support of Reconsideration or Modification of the Court's

Order Unsealing the Case, at 5, 10.   The same is equally true of Diligence's own methods of

investigating and business strategies.   Still further, there is no dispute that the only reason

Plaintiffs even know about Diligence's confidential work on the KPMG Project is because "a

bundle of papers was delivered anonymously to . . . KPMG LLP." Complaint, ¶ 15.   Under these

facts, it cannot reasonably be disputed that the documents produced to Plaintiffs by Diligence

thus far during discovery, and Diligence's testimony about those documents and the KPMG

Matter, constitute "confidential . . . commercial information," that is properly protected from

pretrial public disclosure under Fed. R. Civ. P. 26(c)(7).

**B.    Paragraph 29 of Plaintiffs' Proposed Protective Order—the Only Provision in Dispute—Is Manifestly Unreasonable and Prejudicial to Diligence.**

As noted above, the parties have agreed to the complete text of a proposed

protective order with the exception of one paragraph.  While Plaintiffs have demanded that the

protective order include Paragraph 29 of their proposed order, Diligence has rejected that

paragraph as patently one-sided and inequitable.  If ordered, Paragraph 29 would confer on

Plaintiffs the power to determine unilaterally, and without challenge by Diligence or review by

this Court or any other, which materials designated "Confidential" or "Attorneys' Eyes Only" by

Diligence may be given to nonparties IPOC (and its eleven affiliated Bermudian companies) and

the Bermudian Minister of Finance *notwithstanding such designations*.  Specifically, Paragraph

29 of Plaintiffs' proposed protective order provides:

> 29.    Notwithstanding designation of any document, information or
> testimony as "Confidential" or "Attorneys' Eyes Only", nothing in this Protective
> Order shall prevent Plaintiffs from providing information to the Bermuda Minister
> of Finance or IPOC International Growth Fund Limited and/or its corporate
> affiliates regarding:  (i) what documents and information referring or relating to
> the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were
> obtained by Defendant from Plaintiffs or their employees or agents, (ii) what
> Defendant did with such documents and information, (iii) who retained Defendant
> to obtain such documents and information, (iv) who gave actual instructions to
> Defendant with respect to obtaining such documents and information, and (v) the
> reasons why Defendant was retained to obtain such documents and information.

- 14 -

Pls. Proposed Protective Order, ¶ 29.

Notably, this proposed provision leaves Plaintiffs with the sole discretion to determine whether documents or testimony fall within the five broad categories of information described in Plaintiffs' proposed Paragraph 29. Under Plaintiffs' proposed Paragraph 29, there is:

- <u>no</u> requirement that Plaintiffs provide notice to Diligence as to what material they will disclose to these nonparties prior to doing so;

- <u>no</u> mechanism for Diligence to challenge the propriety of Plaintiffs' determination that materials fit into one of the five categories;

- <u>no</u> provision allowing Diligence to seek relief from the Court to prevent disclosure of certain materials to the nonparties;

- <u>no</u> provision requiring nonparties receiving copies of Diligence's discovery from Plaintiffs to maintain the confidentiality of such material; and

- <u>no</u> requirement that nonparties who receive copies of Diligence's discovery agree to abide by the Protective Order and submit to the jurisdiction of this Court for purposes of ensuring compliance with its Protective Order.

Pls. Proposed Protective Order, ¶ 29.

District courts routinely reject the provisions of proposed protective orders where, as here, they are unreasonably one-sided and inequitable. <u>See</u> <u>AMFAC Resorts,</u> 143 F. Supp. 2d at 14 (rejecting Plaintiffs' proposed protective order, which sought "greater leeway in using certain parts of the administrative record," and entering a more equitable protective order); <u>THK</u>

rejection of disputed paragraph in proposed protective order because it "would make the protective order 'one-sided' in defendant's favor.").

In addition to being totally asymmetrical, Plaintiffs' requested Paragraph 29 is highly unusual. Plaintiffs' motion explicitly seeks this Court's imprimatur to divulge to *nonparties* confidential materials produced by Diligence during pretrial discovery. It is basic, however, that public dissemination of information and materials produced in pretrial discovery is not a proper use of the discovery process. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (pretrial discovery mechanisms "are not public components of a civil trial . . . . [rather] they are conducted in private as a matter of modern practice"); In re Reporters Committee for Freedom of the Press, 773 F.2d 1325, 1331 (D.C. Cir. 1985) (noting that in Seattle Times Co., the Court "upheld the trial court's imposition of a protective order" rejecting "a claim by one of the parties of the right to *disseminate* information acquired in the course of pretrial discovery.") (emphasis in original); see also In re Baycol Prod. Litig., 2003 WL 23145587, at *1 (D. Minn. Dec. 12, 2003) ("while there is a right of public access to judicial proceedings, this right does not necessarily extend to pretrial discovery that has not become a public component of a civil case.").

Here, Plaintiffs readily acknowledge that they seek to remove the "Confidential" designation on various (although unspecified) discovery information produced by Diligence so

Here, Plaintiffs readily acknowledge that they seek to remove the "Confidential" designation on various (although unspecified) discovery information produced by Diligence so that they may give it "to the Bermuda Minister of Finance [and] IPOC International Growth Fund Limited and/or its corporate affiliates." Pls. Mem. at 4 n.2 (quoting Paragraph 29 of Plaintiffs' proposed protective order). The prejudice to Diligence from allowing such pretrial dissemination of its confidential, internal work papers is particularly acute given Plaintiffs' stated intent to give such materials to nonparties not subject to the Protective Order—indeed, not even subject to this Court's jurisdiction, which Plaintiffs cannot and do not dispute. Shortly after the filing of this action, the Bermuda Minister of Finance notified this Court in writing that "the Government of Bermuda is not willing to be involved or joined in any direct way with the proceedings in the US Court." See Mot. For Reconsideration, at Exhibit 1, page 2 (November 21, 2005 Letter from Donald A. Scott, Bermudian Financial Secretary, to the Honorable Paul L. Friedman). Moreover, as Plaintiffs' Complaint asserts, "Non-Party IPOC [International Growth Fund Limited and its eleven affiliated Bermuda companies] is a company organized under the laws of Bermuda." Complaint, ¶ 7. Thus, to the extent the Bermuda Minister of Finance and IPOC (or its eleven affiliated companies) receive from Plaintiffs copies of Diligence's internal work papers and emails produced during discovery, there will be nothing whatsoever stopping

these nonparties from further disseminating these materials to whomever they want, wherever they want, whenever they want.

In sum, both the facts and the law require rejection of Plaintiffs' argument that this Court's Protective Order should allow Plaintiffs to disseminate Diligence's internal, non-public files, produced during discovery, to nonparties to this litigation.

## III.    PLAINTIFFS CANNOT REASONABLY COMPLAIN ABOUT THE "CONFIDENTIAL" DESIGNATION OF THE DILIGENCE CORPORATE DEPOSITION BECAUSE PLAINTIFFS THEMSELVES SO DESIGNATED IT.

Finally, Defendant notes that Plaintiffs' motion papers are littered with suggestions that Diligence improperly designated the entirety of the deposition of its corporate representative as "Confidential."[2] These suggestions misstate the record, no doubt because Plaintiffs seek to obscure the fact that it was *they themselves* who designated the entirety of that deposition as "Confidential" — a designation to which Diligence did not object.

The corporate deposition of Diligence took place on March 31, 2006. At its conclusion, the following exchange between counsel occurred:

> Q [BY MR. ADLER]: I note that we have been in discussions about a confidentiality order, and I think the agreement was that the materials that we have been provided with are designated as confidential under the draft order that was provided by Oliver Garcia to us about a week and a half ago, and in the

---

[2]   See Declaration of Derek J.T. Adler, ¶ 8 ("Defendant has designated . . . the entire transcript of the deposition of its corporate representative as 'confidential' under the terms of the draft confidentiality order."); Motion to Remove "Confidential" Designation on Certain Documents and Testimony and For Entry of Protective Order, at 1; see also Memorandum of Points and Authorities in Support of Motion to Remove "Confidential" Designation on Certain Documents and Testimony and For Entry of Protective Order, at 5, 7.

interim *I would like to designate the [entire] transcript of this deposition as confidential.*  I am not sure that would be the case under the draft order.

MR. ROSS [DILIGENCE'S COUNSEL]:  I think it would be, but you saved me the time of doing that myself.  I was going to so designate it myself.

Transcript of the Deposition of Glenn T. Ware (March 31, 2006), at 195 (emphasis added).

As the above exchange makes clear, it was Plaintiffs' counsel who designated the entire transcript as "Confidential."  Although Plaintiffs' motion papers wholly fail to explain why they have done an about-face on their own designation of the deposition as "Confidential," there can be little doubt that Plaintiffs have no intent to share with nonparties *any* testimony embarrassing or damaging to Plaintiffs; rather, they will continue to insist that all such unflattering testimony be treated as "Confidential."  Plaintiffs' strikingly inequitable request should be rejected.

Notably, even if Plaintiffs themselves had not designated the Diligence corporate deposition as "Confidential," Plaintiffs' request to de-designate portions of the deposition would fail for the same reasons that their request to de-designate documents fails:  Plaintiffs have utterly failed to identify which portion of the deposition they seek to de-designate.  Once again, Plaintiffs have failed to follow the procedures in Paragraph 16 of the draft protective order— procedures which all parties have agreed to follow.

The reason for Plaintiffs' failure to identify the deposition testimony they want this Court to de-designate is transparent: what Plaintiffs really seek is the right to decide, in their sole discretion and without challenge by Diligence or review by the Court, what portions of the deposition to give to the nonparties located outside the U.S. who, in turn, will not be bound by the Protective Order and will be free to do what they please with Diligence's confidential information.

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that Plaintiffs' motion be denied and that the Court enter the form of Protective Order attached hereto at Tab A, which is identical in all respects to Plaintiffs' proposed protective order, except that it excludes Plaintiffs' proposed Paragraph 29 (to which Diligence objects).

Respectfully submitted,

AEGIS LAW GROUP LLP


By:      /s/Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
Michael K. Ross (D.C. Bar No. 458573)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500/ F: 202-737-3330

Dated:  April 24, 2006                *Attorneys for Defendant Diligence Inc.*

**TAB A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KPMG FINANCIAL ADVISORY )
SERVICES LIMITED, )
MALCOLM BUTTERFIELD, and )  Civil Action No. 05-2204 (PLF)(AK)
MICHAEL MORRISON, )
        )
   *Plaintiffs,*  )
        )
v.        )
        )
DILIGENCE LLC   )
        )
   *Defendant.*  )
_____ )

## PROTECTIVE ORDER GOVERNING CONFIDENTIALITY
## AND INADVERTENT DISCLOSURE OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the

following Protective Order governing confidentiality and inadvertent disclosure of documents.

## I. Scope of Order

1. The Court finds that disclosure and discovery activities in these proceedings are

likely to involve production of confidential, proprietary, or private information for which special

protection from public disclosure and from use for any purpose other than prosecuting or

defending this litigation would be warranted, and that the parties have therefore shown good

cause for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

- 1 -

2.     This Order shall govern the remaining proceedings in this matter and any related actions that have been or may be originally filed in, transferred to, or removed to this Court and assigned hereto.

3.     This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this action proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this proceeding to any other party or parties.

4.     This Protective Order is binding upon the parties to this proceeding and their respective attorneys, employees, agents and others who act on their behalf and who may obtain documents or information disclosed in this proceeding.  Each party undertakes to ensure that its attorneys, employees, agents and other who act on the party's behalf and who obtain documents or information disclosed in this proceeding are made aware of this Protective Order and that they act in conformity herewith. This Order is also binding on any party or non party who obtains any documents or other information produced or disclosed in this proceeding and who has actual notice of this Protective Order.

5.     The entry of this Protective Order does not prevent any party from seeking a further order of this Court or to modify this Protective Order pursuant to Federal Rule of Civil

- 2 -

Procedure 26(c), nor do the parties waive any rights that they may otherwise have under the Federal Rules of Civil Procedure.

6.     Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

## II.     Designation of "Confidential" and "Attorneys' Eyes Only" Information

7.     Any party or non party who produces documents, records or other information in response to a discovery request in this proceeding (a "Producing Party") and who believes in good faith that such documents, records or information should be protected from disclosure may designate such documents, records or other information as "Confidential" or "Attorneys' Eyes Only" in accordance with the terms of this Protective Order.  For purposes of this Protective Order, the information subject to designation as "Confidential" or "Attorneys' Eyes Only" may include oral or written testimony; declarations; records; documents; pleadings; information contained within testimony; records, documents, and pleadings; and other information and materials, which have been or will be filed with the Court or produced to a party during the course of this litigation.

8.     When used in this Protective Order, the term "document(s)" shall include, without limitation, all "originals" and "duplicates" of all "writings," "recordings," and "photographs," as those terms are defined in Section 1001 of the Federal Rules of Evidence, and shall include

without limitation all written, typed, photostatic, photographed, recorded, telecopied,

photocopied, or graphic materials of any kind, whether comprised of letters, words, numbers,

pictures, sounds, symbols, electronic data/recording, computer data/files/code, or any

combination thereof.  Without limiting the foregoing, the term "Document(s)" includes all

writings, papers, agreements, contracts, correspondence, letters, facsimile transmissions,

memoranda, reports, notes, telegrams, telex, envelopes, statements, studies, publications,

records, messages, books, pamphlets, leaflets, inter-office and intra-office communications,

notebooks, instruments, transcripts, minutes, agendas, indexes, cards, diaries, drafts, revisions,

photocopies, calendars, appointment records, disclosures, questionnaires, histories, chronologies,

time-lines, medical records and reports, health care records and reports, mental health records

and reports, notices, investigation reports and materials, declarations, accountings, evaluations,

summaries, valuations, audits, verifications, inventories, appraisals, studies, endorsement,

powers of attorney, account statements, receipts, invoices, financial statements, balance sheets,

ledgers, books, income statements, expense reports, bills, billing records, checks, canceled

checks, check stubs, bank records, bank deposits and withdrawals, wire transfer and receipt

records, accounts receivable, accounts payable, tax records, safe deposit records, telephone bills

and records, microfilm, electronic mail, microfiches, computer indices, computer printouts,

records stored by means of computer or other electronic means, contents of computer hard discs,

contents of computer backup tapes and discs, photographs, videotapes, films, motion pictures,

video discs, audio recordings and cassettes, transcriptions, drawings, surveys, plans, blueprints,

specifications, charts, graphics, notes or oral or telephone communications, other written

transfers or information, and other data compilations. The term "other data compilations"

includes information stored in, or accessible through, computer or other information retrieval

systems, whether or not in hard copy form, together with instructions and all other materials

necessary to use or interpret such data compilations.

9.    Unless and until otherwise ordered by the Court, or agreed to in writing by and

between the parties to this case, all material designated as "Confidential" or "Attorneys' Eyes

Only" will not be disclosed except in strict accordance with the terms of this Protective Order.

10.    A Producing Party may designate as "Confidential" only documents, information

or testimony which contain non-public, confidential, proprietary or commercially sensitive

information, or information of an intimate, personal nature that the Producing Party reasonably

believes, in good faith, should not be disclosed to any person other than the persons specified in

Paragraphs 18 and 19 herein. Absent a specific order of the Court, once designated

"Confidential," such information will be used by the parties solely in connection with this

lawsuit and not for any business, competitive, or other function, and such information shall not

be disclosed to anyone except as provided herein.

11.    A Producing Party may designate as "Attorneys' Eyes Only" only documents, information or testimony which contain trade secrets or methods, client lists, internal proprietary business information that might reasonably be of value to a Producing Party's competitor, information that the Producing Party reasonably believes must be kept confidential under law, or information the disclosure of the Producing Party reasonably believes may interfere with the Producing Party's performance of its business or professional functions or duties. Absent a specific order by the Court, once designated "Attorneys' Eyes Only," such information will be used by the parties solely in connection with this lawsuit and not for any business, competitive, or other function, and such information shall not be disclosed to anyone except as provided herein.

12.    A Producing Party may designate documents, materials, or things as "Confidential" or "Attorneys' Eyes Only" by affixing the Document, material, or thing with a stamp bearing the words "CONFIDENTIAL – Subject to Protective Order" or "ATTORNEYS' EYES ONLY – Subject to Protective Order," as the case may be, in a location that makes the designation readily apparent.

13.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes)

("Computerized Material") is produced by any party in such form, the Producing Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL – Subject to Protective Order" or "ATTORNEYS' EYES ONLY – Subject to Protective Order" designation.

14.    Any party wishing to designate deposition testimony or documents submitted as exhibits to a deposition pursuant to this Protective Order must do so either on the record at the time of the designated testimony or up to thirty (30) calendar days after receipt of the transcript. The transcript of testimony shall reasonably delineate the beginning and end of designated and non-designated testimony, with any page of the transcript that contains designated testimony bearing a prominent Confidential Designation.  Testimony relating to exhibits designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be designated the same as such exhibits.  Separate transcripts of designated and non-designated testimony need not be prepared. Any party requesting to designate deposition testimony and/or exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the deposition is transcribed shall create a list of the numbers of pages and lines of the transcript that are to be designated.  Such list shall be set forth on one or more separate pieces of paper, the first of which shall bear the caption of the action

and a statement identifying: (1) the name of the person deposed; (2) the time, date, and place of

the deposition; and (3) the name of the attorney conducting the deposition. The requesting party

shall insert the list before the cover page of the deposition transcript and shall mail or fax copies

of the list to counsel for all parties so that it may be affixed to the face of the transcript and each

copy thereof.

      15.    Any party may designate as "Confidential" or "Attorneys' Eyes Only" documents

or discovery materials produced by another party or by a non-party by providing written notice

to the parties of the relevant document Bates numbers or other identifying features within ten

(10) business days after receiving such Documents or discovery materials. The time for

designating documents will not begin to run against a party until such party receives any non-

party Documents.

      16.    If any party objects to the designation of any document, information or testimony

as "Confidential" or "Attorneys' Eyes Only," such party may, in writing, request that the

Producing Party remove or change the designation (the "Written Objection"). The Written

Objection shall specifically identify the information or Documents at issue. The Producing

Party, through its counsel, shall respond in writing within three (3) business days of receipt of

the Written Objection, or within such period of time as may be agreed between the parties. If the

Producing party refuses to remove its challenged designation, its written response to the Written

Objection shall state the reasons for this refusal and the basis for the designation. Counsel shall

then confer in good faith and an attempt to resolve the dispute concerning the designation within

three (3) business days after receipt of the Producing Party's written response. If the parties are

unable to resolve such dispute, the objecting party may thereafter file a motion or otherwise seek

resolution by the Court. In the event of such motion or application the documents, information

or testimony in question may be submitted to the Court for in camera review.

      17.    Subject to the provisions of this Protective Order, Documents designated

"Confidential" and "Attorneys' Eyes Only" may be referred to in discovery, discovery

responses, motions, briefs or other papers filed with the Court and may be used in depositions,

oral arguments or at trial in this action either as exhibits or as the basis for questions. Any party

that intends to file with the Court or in any publicly available pleading papers containing

documents or information designated "Confidential" and/or "Attorneys' Eyes Only" or derived

from, or derivative of, documents or information designated as such, must submit an original for

placement in the Court's publicly-available case file which redacts all "Attorneys' Eyes Only"

and "Confidential" information or material, and also must provide the chambers of the

Magistrate Judge assigned to this matter with both redacted and unredacted versions of such

filing.

      18.    Any and all material designated as "Confidential" under this Protective Order will

not be disclosed, directly or indirectly, to any person other than:

      (a)    the Court and necessary Court personnel;

      (b)    the named parties in this action, including their officers, directors, and managing directors;

      (c)    the attorneys for each party to this action and, as reasonably necessary, the support staff of such attorneys and outside copying vendors employed by such attorneys;

      (d)    court reporters performing necessary duties in this action; and

      (e)    subject to prior compliance with the terms of Paragraph 20 below, any witness designated to provide deposition and/or trial testimony in this matter.

      19.    Any and all material designated as "Attorneys' Eyes Only" pursuant to this Protective Order will not be disclosed, directly or indirectly, to any person other than:

      (a)    the Court and necessary Court personnel;

      (b)    outside counsel to the parties who are attorneys of record in this action and, as reasonably necessary, the support staff of such attorneys and outside copying vendors employed by such attorneys;

      (c)    court reporters performing necessary duties in this action; and

      (d)    subject to prior compliance with Paragraph 20 below, any author or recipient of a Document for purposes of giving or preparing for deposition or trial testimony in

this matter.

20.     All persons to whom "Confidential" or "Attorneys' Eyes Only" designated documents, materials, things, or information is disclosed pursuant to Paragraph 18(e) and/or Paragraph 19(d) of this Protective Order shall not reveal or discuss such documents, materials, things, or information, except as expressly set forth herein, and shall be required to sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A.

21.     If documents, materials, things, or information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order are called for in a subpoena or other legal process, the person to whom disclosure of the subpoenaed information is directed shall promptly give written notice thereof to each party that has designated the information "Confidential" or "Attorneys' Eyes Only" and shall use best efforts to give the Producing Party a reasonable opportunity to seek to quash or otherwise seek relief from the subpoena or other legal process. If reasonably possible, the party receiving such subpoena or process shall not produce the documents or information until at least thirty (30) days after providing such notice.

22.     At any time after thirty (30) calendar days following the conclusion of this action, including any appeal, a Producing Party may request in writing to all parties that all documents, information or testimony designated "Confidential" or "Attorneys' Eyes Only" that it produced during the course of the action be destroyed or returned to the Supplying Party along with all

hard copies and electronic copies thereof, and all materials derivative thereof other than materials filed with the Court.  Subject to the following paragraph, the parties shall destroy or return all such documents upon request.

23.    After the conclusion of this action counsel for the parties may retain their notes, abstractions, or other work product derived from or containing documents, information or testimony designated as "Confidential" or "Attorneys' Eyes Only", but shall be obligated to maintain the confidentiality of such work product and keep it secure and shall not disclose or reveal the contents of said notes, abstractions or other work product. Nothing in this Protective Order requires the Receiving Party's counsel to disclose protected work product at the conclusion of this action.

24.    In the event that any additional party is added to this action, that new party will not have access to "Confidential" or "Attorneys' Eyes Only" Information produced by or obtained from any party or non-party until the newly added party and its counsel of record confirms in writing to all other parties that they have read this Protective Order and agree to be bound by all of its terms.

25.    Nothing in this Protective Order shall prevent Plaintiffs from seeking to recover physical possession of all documents it asserts Defendant wrongfully obtained from Plaintiffs, including all copies thereof, and materials incorporating information derived from such

documents, and from seeking to expunge all such documents and information derived therefrom from all digital and electronic storage media under Defendant's control.

26.    Nothing in this Protective Order shall limit any Producing Party's use or disclosure of its own documents and information or documents and information obtained from any source other than a Producing Party, nor shall a Producing Party's designation of documents, information or testimony as "Confidential" or "Attorneys' Eyes Only" limit such party's rights to disclose such documents, information or testimony outside this proceeding.

27.    Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof relying generally on knowledge they have gained based on their review of documents, information or testimony designated as "Attorneys' Eyes Only", provided that in rendering such advice or communicating with the client counsel shall not make specific disclosure of any information or materials so designated.

28.    This Protective Order will survive the final determination of this action and will remain in full force and effect after the conclusion of all proceedings.  The Court shall retain jurisdiction to enforce the terms of this Protective Order.

## III.    Inadvertent Production and Failure to Designate

29.    The parties recognize that in the course of discovery, it is possible that a Producing Party may inadvertently produce documents or information which are entitled to

- 13 -

protection from disclosure under the attorney-client privilege, the attorney work product

doctrine, or other applicable privilege or protection available under District of Columbia or other

applicable law, or may inadvertently fail to designate a document as "Confidential" or

"Attorneys' Eyes Only." The parties agree that the erroneous or inadvertent production of any

material entitled to protection from disclosure under the attorney-client privilege, the attorney

work product doctrine, or any other applicable privilege or protection available under District of

Columbia or other applicable law, will not constitute a waiver of such protection as to either the

subject matter of the material, or as to related documents or communications. Nor will any

inadvertent failure to properly designate a document or information "Confidential" or

"Attorneys' Eyes Only" constitute a waiver of such document or information's eligibility to be

designated as such pursuant to this Order.

30.    If during document production, a Producing Party inadvertently produces a

document entitled to protection under the attorney-client privilege, the attorney work product

doctrine, or any other applicable privilege or protection under District of Columbia or other

applicable law, the Producing Party may request the return of the inadvertently produced

document at any time before the commencement of trial, whereupon the other party will within

one (1) business day return of the inadvertently produced document along with all copies thereof

and all materials derivative thereof (and will delete any electronic images containing such

- 14 -

information).

31.    If a Producing Party inadvertently fails to properly designate a document "Confidential" or "Attorneys' Eyes Only," the Producing Party may request that such document be accorded all protections under this Order of a "Confidential" or "Attorneys' Eyes Only" Document, provided that the Producing Party informs the party who received such document (the "Receiving Party") of the inadvertent failure to so designate promptly after learning of the inadvertent failure to designate and also provides a copy of the document to the Receiving Party with the appropriate designation. The Receiving Party shall not be responsible for any disclosure or use of a document inconsistent with the terms of this Protective Order prior to receiving notice that the Producing Party has designated the document as "Confidential" or "Attorney's Eyes Only."

32.    If any Receiving Party learns of any unauthorized disclosure of documents, information or testimony that has been designated as "Confidential" or "Attorneys' Eyes Only", it shall immediately (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of such documents, information or testimony, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Protective Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

- 15 -

33.     Exceptions or modifications to this Order may be made only by order of this

Court.

SO ORDERED

DATED: _____          _____
                                         United States Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGEMENT

     I, _____, hereby acknowledge that: (i) I have read the foregoing Protective Order, dated _____, 2006, which I am informed has been entered by the Court in the lawsuit captioned KPMG Financial Advisory Services Limited, et al. v. Diligence LLC, Civil Action No. 05-2204 (PLF); (ii) I understand the terms of the Protective Order; (iii) I agree, upon the potential penalty of contempt of court and other civil remedies under the laws of the District of Columbia, to be bound by the terms of the Protective Order and will not reveal documents, information or testimony designated as Confidential or Attorneys' Eyes Only to anyone except as expressly directed by order of the Court; (iv) I agree to keep all documents, information and testimony designated as Confidential or Attorneys' Eyes Only, and all copies thereof and all materials derivative thereof, in a secure manner to avoid access by any other person, and will return such documents, information or testimony promptly upon receiving a request to do so from the party or other person who provided such documents, information or testimony to me; and (v) I submit my person to the jurisdiction of the United States District Court for the District of Columbia for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATE: _____  _____
                                                (Signature)

                  Name: _____

                  Business Address: _____

                                  _____

                                  _____