IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KPMG FINANCIAL ADVISORY<br>SERVICES LIMITED,<br>MALCOLM BUTTERFIELD, and<br>MICHAEL MORRISON,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DILIGENCE LLC,<br>　　　　　　　　　Defendant. | Civil Action No: 05-2204 (PLF)<br>(AK) (Redacted) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF MOTION TO REMOVE
"CONFIDENTIAL" DESIGNATION ON CERTAIN DOCUMENTS
AND TESTIMONY AND FOR ENTRY OF PROTECTIVE ORDER**

## INTRODUCTION

Contrary to the protestations of its counsel, Defendant has in fact admitted <u>all</u> of the central allegations in the Complaint. In sworn deposition testimony, Defendant's corporate representative has conceded that:

**REDACTED**

---

1   A copy of the transcript of the deposition of Defendant's corporate representative, Glenn T. Ware (the "Ware Dep.") is annexed as Exhibit C to the Supplemental Declaration of Derek J.T. Adler, executed on May 2, 2006 (the "Adler Supp. Decl.").

# REDACTED

Thus, there is no dispute that Defendant has intentionally and wrongfully interfered with and obtained confidential documents pertaining to the IPOC Investigation, a statutory investigation that Plaintiffs are conducting pursuant to their appointment by the Bermuda Minister of Finance. Yet Defendant takes the position is that Plaintiffs should <u>never</u> be permitted to report to the Bermuda Minister of Finance or IPOC regarding the nature and extent of Defendant's misconduct. Defendant's position should be rejected for several reasons:

<u>First</u>, Defendant has not carried its burden of demonstrating that the information it seeks to protect is subject to any recognized privilege or protection from disclosure.

Second, Plaintiffs have shown legitimate and compelling reasons why they should be permitted to make disclosures to the Minister and IPOC in furtherance of their statutory duties.

Finally, Defendant's procedural objections are without merit. Plaintiffs have adequately described the information they seek to disclose and have not breached any agreement regarding the manner of raising this dispute. Nor is Plaintiffs' position one-sided, unfair or inconsistent.[2]

Plaintiffs contend that Defendant has no legitimate interest in protecting the following categories of information from disclosure: (i) who retained Defendant to obtain Plaintiffs' confidential records; (ii) what specific records Defendant obtained from Plaintiffs; and (iii) to whom Defendant provided or disclosed those records. The relevant information is spread throughout the thousands of pages that Defendant has produced in this action — every page of which Defendant has designated "Confidential."[3] Plaintiffs' immediate need is to provide a summary report to the Minister of Finance and IPOC — not to disclose any particular documents or verbatim testimony. Once the Court has determined whether Defendant is entitled to shield the categories of information referred to above from disclosure, the parties should be able to agree on whether the designations of particular documents are appropriate.[4]

---

[2] Since this action concerns theft of information that is required to be kept confidential under Bermuda law, it is appropriate for Plaintiffs to maintain that large portions of the record should be protected from further disclosure.

[3] Indeed, the relevant information might arguably be reflected in every page of Defendant's production.

[4] Plaintiffs acknowledge the possibility that certain documents may contain other categories of information that may be entitled to confidential treatment.

3

NY_1045618_6.DOC

## ARGUMENT

I. **DEFENDANT HAS NOT CARRIED ITS BURDEN OF SHOWING "GOOD CAUSE" TO PREVENT DISCLOSURE OF ITS MISCONDUCT.**

Defendant tries to place the burden on Plaintiffs to show why they should be entitled to report the details of Defendant's misconduct to the Bermuda Finance Minister and IPOC. In fact, the law is clear that the party seeking to keep documents or information confidential bears the burden of demonstrating "good cause." *See PHE, Inc. v. Department of Justice*, 139 F.R.D. 249, 252 (D.D.C. 1991); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *Reliance Ins. Co. v. Barron's*, 428 F. Supp. 200, 202-03 (S.D.N.Y. 1977).

Defendant asserts that the entirety of its "files and work papers relating to the KPMG Matter" are entitled to protection under Rule 26(c)(7) as confidential "commercial information." (Def. Mem. at 14.) A party invoking protection under Rule 26(c)(7) must show not only that it has heretofore maintained the confidentiality of the information in question, but also that real and specific harm would result from the proposed disclosure. *See John Does I-VI v. Maharishi Mahesh Yogi*, 110 F.R.D. 629, 632 (D.D.C. 1986) (to sustain a "claim of confidential business information . . . the company [must] prove that the disclosure will result in a clearly defined and very serious injury to its business"); *Avirgan v. Hull*, 118 F.R.D. 257, 261-62 (D.D.C. 1987) (movant must articulate specific and particular facts showing good cause); *see also* Wright & Miller, *Federal Practice & Procedure* § 2035 (2006) ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause."). Defendant has not made the required showing.

4

NY_1045618_6.DOC

# REDACTED

Although Defendant asserts in a conclusory fashion that it has maintained the confidentiality of all documents and information relevant to this case (D. Mem. at 13; Ware Decl. ¶ 3), the factual record belies this assertion. Defendant appears to have disclosed the relevant information and documents to its client,

There is no "investigator/client privilege" protecting these communications. Defendant has also made disclosures to

[5] Further, the materials Defendant has designated as "confidential" include copies of the very materials that were stolen from Plaintiffs, as well as numerous emails that were sent to or received from third parties. Defendant cannot seriously argue that such materials constitute Defendant's commercial secrets.[6]

Nor has Defendant shown that any cognizable commercial harm would come from disclosure of information to the Bermuda Minister of Finance or IPOC. It is laughable for Defendant to suggest that its investigative method should be protected as, in

---

5   By making unrestricted disclosures to nonparties, Defendant waived any right to claim protection. *PHE, Inc. v. Department of Justice*, 139 F.R.D. 249, 252 (D.D.C. 1991) ("Once a party *voluntarily discloses documents without limitations,* it is precluded from objecting on the grounds of confidential commercial research to full and complete disclosure of similar documents." (emphasis added)).

6   *See Burka v. U.S. Dept. of Health and Human Services,* 87 F.3d 508, 518 (D.C. Cir. 1996) (stating it is "insufficient" for party resisting disclosure merely to categorize data as "confidential research information"; party must show specific information warrants protection); *accord Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999) ("A trade secret is *not simply any material the withholding party would rather keep confidential,* but is: [S]ecret information essential to the continued operation of a business or industry [that] may be afforded some measure of protection against unnecessary disclosure." (citations omitted) (emphasis added)).

**REDACTED**

effect, a commercial trade secret.[7] "A trade secret may consist of any formula, pattern, device or compilation of information used in ones business and which give him an opportunity to obtain an advantage over competitors who do not know or use it." *See John Does I-VI v. Yogi,* 110 F.R.D. 629, 632 (D.D.C. 1986) (internal citations omitted). Defendant has not shown that the technique of ⬛ is unique, secret or gives it a competitive advantage. Nor, as a matter of public policy, should such wrongful conduct be entitled to trade secret protection. In any event, there is no apparent prospect that the information will fall into the hands of Defendant's competitors.

## II. PLAINTIFFS HAVE A LEGITIMATE NEED TO REPORT ON DEFENDANT'S ACTIONS TO THE BERMUDA MINISTER OF FINANCE AND IPOC.

Defendant cites cases addressing dissemination of discovery information to the general public (*e.g.,* news organizations), and claims that Paragraph 29 should be rejected because it allows the "highly unusual" step of allowing Plaintiffs to make disclosures to "nonparties." (Def. Mem. at 16.) But Paragraph 29 only allows KPMG to make disclosures of limited information to two entities: the Bermuda Minister of Finance, and IPOC. Cases regarding efforts by the media to obtain access to entire case files are therefore inapposite.

Plaintiffs should not be prevented from reporting on the nature and extent of Defendant's misconduct so they can demonstrate to the Minister and IPOC that they have taken action to redress the breach of confidentiality caused by Defendant, that they have a reasonable basis for determining that the integrity of the IPOC Investigation has not been impaired by Defendant's actions, and that their report has not been influenced

---

[7] (Def. Mem. at 13.)

by Defendant's activities. Contrary to Defendant's argument, Paragraph 29 is narrowly tailored to meet a specific need, and does not allow KPMG to disclose whatever it likes, to whomever it likes.

## III. PLAINTIFFS' PROCEDURAL OBJECTIONS ARE WITHOUT MERIT.

### A. Plaintiffs Did Not Breach Any Agreement With Respect to the Manner of Raising This Motion.

Diligence argues that Plaintiffs have failed to follow the "designation-challenge procedures" set forth in the proposed protective order. (D. Mem. at 7.) This is incorrect. Although the proposed order sets forth a detailed procedure for challenging confidential designations, counsel for Plaintiffs has always made it clear that Plaintiffs have an urgent need to disclose the information referred to in Paragraph 29 of the proposed order and would not delay seeking a ruling on this. (Adler Supp. Decl. ¶¶ 2-6; Adler Supp. Decl. Exs. A, B.) Counsel have conferred repeatedly and unsuccessfully about Paragraph 29. There is no question that the parties require judicial intervention to resolve their dispute on this point.

### B. Paragraph 29 Is Fair And Reasonable.

Defendant argues that Paragraph 29 is "manifestly unreasonable and prejudicial" because (i) it gives Plaintiffs the "power to determine unilaterally" what information may be given to IPOC and the Minister; and (ii) it would allow Plaintiffs to "divulge to *nonparties*" various "discovery information produced by Diligence." (Def. Br. at 14, 17) (emphasis in original.) These arguments miss the mark.

Contrary to Defendant's contention, Plaintiffs do not seek limitless discretion to decide what information to give to IPOC and the Minister of Finance. Under Paragraph 29, KPMG can only disclose: (i) what documents and information

7

Defendant obtained from Plaintiffs, (ii) what Defendant did with such documents and information, and (iii) who retained Diligence to go after KPMG's documents. Paragraph 29 would not allow Plaintiffs to give IPOC and the Minister actual documents disclosed by Defendant, or information in categories that are not enumerated in Paragraph 29.[8] For avoidance of doubt, a summary of the information Plaintiffs wish to disclose is set forth in Paragraphs 10 to 17 of Mr. Adler's Supplemental Declaration.

### D. The Fact That Plaintiffs Have Sought to Keep Certain Information Confidential Has No Bearing On Whether Defendant's Designations Are Proper.

Defendant suggests that Plaintiffs should be precluded from challenging their designation of information as confidential because (i) Plaintiffs themselves initially sought to maintain this entire case under seal, and (ii) Plaintiffs designated, on an interim basis, Mr. Ware's transcript as confidential. These arguments fail.

Plaintiffs initially sought to maintain this case under seal in order to ensure compliance with Bermuda law. Plaintiffs were appointed by the Minister of Finance pursuant to the Bermuda Companies Act 1981 to perform their investigation of IPOC within the terms and requirements of that statute. Section 132(6) of the statute *requires* that the IPOC investigation be confidential.[9] As such, information relating to: (1) the terms of reference of the IPOC Investigation; (2) Plaintiffs' internal procedures used in

---

[8] Paragraph 29 provides: "Notwithstanding designation of any document, information or testimony as 'Confidential' or 'Attorneys' Eyes Only,' nothing in this Protective Order shall prevent Plaintiffs from providing information to the Bermuda Minister of Finance or IPOC International Growth Fund Limited and/or its corporate affiliates regarding: (i) what documents and information referring or relating to the IPOC Investigation (as defined in Paragraph 10 of the Complaint) were obtained by Defendant from Plaintiffs or their employees or agents, (ii) what Defendant did with such documents and information, (iii) who retained Defendant to obtain such documents and information, (iv) who gave actual instructions to Defendant with respect to obtaining such documents and information, and (v) the reasons why Defendant was retained to obtain such documents and information." (Emphasis added.)

[9] Bermuda Companies Act 1981, § 132(6)

8

NY_1045618_6.DOC

**REDACTED**

connection with the IPOC Investigation; (3) the manner in which the confidentiality of the IPOC Investigation was breached; and (4) the substantive information gathered about IPOC and the results of Plaintiffs' investigation must be withheld from the public record because they contain confidential information about the IPOC Investigation.[10] Although Plaintiffs have since accepted that it may not be necessary to seal the entire case file in order to protect such information, they have consistently sought to protect these sensitive areas from disclosure.

Nor is there any inconsistency in the fact that at the conclusion of Mr. Ware's deposition Plaintiffs' counsel made a statement on the record designating the deposition as confidential "in the interim"— a designation which was seconded by Defendant's counsel. (Def. Mem. at 19.) Plaintiffs had good reason to designate that deposition as confidential:

[11] Plaintiffs' interim designation of the entire transcript as confidential was intended to permit time to later review the printed transcript and designate specific portions thereof as confidential. This is not inconsistent with Plaintiffs' position on the present motion, nor does it assist Defendant in showing why Plaintiffs should not be entitled to report on Defendant's actions to the Bermuda Minister of Finance and IPOC.

---

10 See Declaration of Delroy B. Duncan, executed on November 23, 2005, and previously submitted by Plaintiffs' in support of their motion for reconsideration of the Court's November 11, 2005 Order unsealing the case.

11 If anything these documents should be designated "Attorneys' Eyes Only."

9

## CONCLUSION

For the reasons stated above and in Plaintiffs' opening brief, Plaintiffs' motion should be granted and the attached Protective Order should be entered.

Dated: District of Columbia
May 3, 2006

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ Charles Reed
Roberta Koss
  D.C. Bar No. 442813
Charles Reed
  D.C. Bar No. 490833
1775 I Street, N.W.
Washington, D.C. 20006-2401
202-721-4600

Derek J.T. Adler, *Pro Hac Vice*
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
212-837-6086

Attorneys for Plaintiffs

Of Counsel:

Richard Blann
Norton Rose
Kempson House
Camomile Street
London EC3A 7AN
England

NY_1045618_6.DOC