# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON,<br><br>Plaintiffs,<br><br>v.<br><br>DILIGENCE LLC,<br><br>Defendant. | Civil Action No: 05-2204 (PLF) (AK) (Redacted) |

## SUPPLEMENTAL DECLARATION OF DEREK J.T. ADLER

I, Derek J.T. Adler, do hereby declare and state as follows:

1. I am a member of the bar of the State of New York, admitted *pro hac vice* in this case, and am a partner of Hughes Hubbard & Reed LLP, counsel for Plaintiffs herein. I make this Supplemental Declaration in further support of Plaintiffs' motion to remove the "Confidential" designation Defendant has placed on certain documents and for entry of the proposed Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents.

### Discussions with Defendant's Counsel Regarding Draft Protective Order

2. The Court's March 13 Scheduling Order required Defendant to make its CEO and a corporate representative available for depositions on or before March 31, 2006. This deadline gave Defendant a very short period of time in which to produce documents responsive to Plaintiffs' first request for production of documents. To prevent any delay in production of documents, we advised Defendants' counsel, on behalf of Plaintiffs, that we would agree to

whatever reasonable interim confidentiality restrictions Defendant's counsel might deem appropriate pending the entry of a final protective order governing confidentiality.

3. On March 15, 2006, Defendant's counsel provided us with a draft protective order governing confidentiality in a form acceptable to Defendant.

4. On March 24, 2006, I transmitted to Defendant's counsel our comments on Defendant's proposed confidentiality order. Among the changes we proposed was the addition of a new paragraph that would permit Plaintiffs to report to the Bermuda Minister of Finance and IPOC with respect to information about who hired defendant, what records defendant obtained from plaintiffs, and what defendant did with those records. This paragraph was substantially identical to Paragraph 29 of the proposed draft we have submitted with the present motion.

5. On or about March 24, 2006, as Defendants were preparing to make their first document production to us, I confirmed to Defendant's counsel that Plaintiffs would adhere to the terms of Defendant's March 15, 2006 draft confidentiality order on an interim basis, pending entry of a final order by the Court, <u>except</u> that we reserved the right to submit any dispute about the order itself to the Court for resolution on a more expedited basis than provided for in the agreement itself. I stated this in one or more telephone conversations with Defendant's counsel Oliver Garcia, and confirmed it an email to him stating:

> Attached is a mark up of the confidentiality order. As discussed, <u>I hereby confirm that we will adhere to the terms of your original draft pending our agreement on the terms of a final draft, or resolution of any disagreement we may have by the magistrate or court, except that we reserve the right to seek such resolution more quickly than provided in the part of the draft order that addresses the timetable for resolving disputes over designations.</u>

6. Attached as Exhibit A is a true and correct copy my March 24, 2006 email to Mr. Garcia.

2

7.  In responding to my March 24, 2006 email, Mr. Garcia confirmed our understanding that any dispute regarding the terms of the confidentiality order itself could be submitted to the Court for resolution without adhering to the time-consuming, dispute resolution procedures contained in the in the draft order:

> Derek, as discussed, I'll take a look at these edits over the weekend. Let's talk on Monday to narrow any areas of disagreement over the draft protective order. I will be happy to deliver 2 sets of the production on Monday morning to your DC office, with the understanding as you have described that the March 15 draft will govern between the parties until resolved by further agreement or resolution by the magistrate and court (if appealed), <u>subject to the exception you identified on timing</u>.

8.  Attached as Exhibit B is a true and correct copy Mr. Garcia's March 24, 2006 email to me.

9.  Mr. Garcia and I subsequently exchanged further comments on the draft agreement and conferred in good faith with respect to the revised terms. As a result, we resolved all differences of opinion except with respect to the inclusion of the proposed paragraph now numbered 29. It was quite clear from our discussions that we would not be able to resolve this dispute without the Court's assistance.

## **Plaintiffs' Proposed Disclosures**

10. Plaintiffs are in the process of finalizing their work on the IPOC Investigation and have an immediate need to report to the Bermuda Minister of Finance and IPOC with respect to the nature and extent of Defendant's interference with the IPOC Investigation. Plaintiffs do not propose to provide any specific documents or copies of deposition testimony, but to provide a summary providing information substantially along the following lines:

11

**REDACTED**

12.

13.

**REDACTED**

14.

15.

16.

17. Plaintiffs respectfully submit that Defendant has no reasonable basis to oppose disclosure of the foregoing facts, which are all either supported by documents and sworn testimony from Defendant or are within Plaintiffs' direct knowledge.

### Mr. Ware's Deposition Transcript and Exhibits

18. Also annexed hereto are true and correct copies of the following materials referred to in Plaintiffs' Reply Memorandum of Law:

19. Attached as Exhibit C is a true and correct copy of the Complaint in this action, without redactions.

20. Attached as Exhibit D is a true and correct copy of the transcript of the deposition Defendant's first Rule 30(b)(6) witness, Glenn T. Ware, taken on March 31, 2006 ("Ware Dep.").

6

**REDACTED**

21. Attached as Exhibit E is a true and correct copy of a document titled

    ich was marked as Exhibit 9 at Mr. Ware's deposition.

22. Attached as Exhibit F is a true and correct copy of



    which was marked as Exhibit 10 at Mr. Ware's deposition.

23. Attached as Exhibit G is a true and correct copy of an early internal

memorandum prepared by Defendant

. which was

marked as Exhibit 4 at Mr. Ware's deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2d day of May 2006 at New York, New York.

*[signature]*
Derek J.T. Adler