IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON, <br><br> Plaintiffs, <br><br> v. <br><br> DILIGENCE LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No: 05-2204 (PLF) ) ) ) ) ) ) ) |

**PLAINTIFFS' RESPONSE TO IPOC INTERNATIONAL
GROWTH FUND LIMITED'S MOTION TO INTERVENE,
FOR ACCESS TO COURT FILES, TO MODIFY PROTECTIVE
<u>ORDERS, AND TO ALTER CONFIDENTIALITY DESIGNATIONS</u>**

Plaintiffs KPMG Financial Advisory Services Ltd., Malcolm Butterfield, and Michael Morrison, (collectively "Plaintiffs") by their undersigned counsel, hereby respond to IPOC International Growth Fund Limited's ("IPOC") Motion to Intervene, for Access to Court Files, to Modify Protective Orders, and to Alter Confidentiality Designations.

**I.   PLAINTIFFS DO NOT OBJECT TO IPOC'S PROPOSED
      INTERVENTION FOR THE PURPOSES ENUMERATED.**

Plaintiffs do not object to IPOC's proposed intervention in this action for the limited purpose of seeking access to unredacted copies of court filings and to discovery materials that have been designated as confidential pursuant to the May 19

Protective Order (the "Protective Order"), subject to the issues raised below with respect to disclosure of particular materials.

II. **PLAINTIFFS DO NOT OBJECT TO DISCLOSURE OF MOST OF THE MATERIALS IPOC SEEKS, SUBJECT TO THEIR RIGHT TO DESIGNATE SELECTED MATERIALS AS "CONFIDENTIAL."**

In substance, the materials to which IPOC seeks access fall into two general categories: (1) materials that reflect the details of the operation through which Diligence stole confidential documents about IPOC from Plaintiffs, as well as information about other operations Diligence undertook to harm IPOC, and (2) copies of the actual confidential documents that Diligence stole from Plaintiffs (the "Stolen Documents"), and materials derived from them.

Plaintiffs do not object to disclosure of the first category of materials, *i.e.* anything other than the actual Stolen Documents and materials derived from them, provided that Plaintiffs are permitted to designate certain of these materials as confidential pursuant to an order entered in *IPOC v. Diligence et al.* comparable in scope to the Protective Order in this proceeding. Plaintiffs will want to designate certain materials as confidential to the extent they reflect non-public information about Plaintiffs' operations, as well as personal information about certain of Plaintiffs' employees.

Indeed, as IPOC notes, Plaintiffs' counsel Hughes Hubbard & Reed LLP have previously been served with a subpoena (the "Subpoena") in *IPOC v. Diligence et al.* seeking disclosure of the same materials IPOC seeks here. Mr. Adler's July 27, 2006 email to Mr. Anderson (copy attached as Exhibit A to the Declaration of Derek J.T. Adler) sets forth the scope of disclosure responsive to the Subpoena that has been agreed

between Hughes Hubbard and IPOC. Plaintiffs do not object to modification of the applicable Orders in the present proceeding to permit the disclosure outlined in Mr. Adler's email.

### III. PLAINTIFFS DO NOT CONSENT TO THE DISCLOSURE OF THE DOCUMENTS THAT WERE STOLEN FROM THEM, WHICH ARE REQUIRED TO BE KEPT CONFIDENTIAL UNDER BERMUDA LAW.

As IPOC correctly notes, information about the investigation Plaintiffs have been conducting of IPOC is required to be kept confidential under Bermuda law. (IPOC Mem. at 3 n.1.) This restriction plainly applies to the Stolen Documents as well as materials that incorporate information taken from those documents.[1] Because of the restrictions of Bermuda law, Plaintiffs do not regard themselves as having discretion to consent to IPOC's request that such materials be disclosed, even on an "attorney's eyes only" basis.

### IV. TO THE EXTENT THE COURT FINDS DISCLOSURE OF THE STOLEN DOCUMENTS APPROPRIATE, SUCH DISCLOSURE SHOULD BE SUBJECT TO A STRICT PROTECTIVE ORDER IN THIS CASE AND IN THE RELATED PROCEEDING.

If the Court finds that IPOC should obtain access to the materials it seeks, including the Stolen Documents, Plaintiffs respectfully request that such disclosure should only be made pursuant to a strict Protective Order binding the parties and

---

[1] *See* Bermuda Companies Act 1981, Sections 132(6)-132(7). Violating the statutory requirements would be contrary to the public's interest in preventing improper interference with the investigation. *See Merrill Lynch v. Wertz,* 298 F. Supp. 2d 27, 34-35 (D.D.C. 2002) (finding public interest in protecting confidential business and trade secrets); *In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51 (D.D.C. 2004) (same); *cf. Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391 (1st Cir. 2005) (vacating district court decision refusing to seal documents revealing identity of confidential informants where informants were integral to the investigative process and meaningful investigation of participants in thoroughbred racing was necessary to maintain health and integrity of the sport).

3

attorneys in this proceeding as well as the parties to *IPOC v. Diligence et al.* Such protective order should provide, *inter alia*, that:

- Plaintiffs' counsel shall control the disclosure of documents and shall be permitted to designate selected materials as "Confidential" or (with respect to the Stolen Documents, materials derived from them and other internal information about the IPOC investigation) "Confidential – Attorney's Eyes Only," as appropriate;

- The attorneys permitted to have access to "attorneys eyes only" materials shall be limited to counsel in the two proceedings before this Court and not attorneys who have participated in any other proceedings involving IPOC, Diligence, BGR, LV Finance or Alfa or their respective affiliates in various other forums around the world; and,

- All materials designated as Confidential or Confidential-Attorneys Eyes Only and any copies of such materials shall be returned to Plaintiffs' counsel and expunged from all digital storage media at the conclusion of *IPOC v. Diligence et al.*

5

      We have conferred with counsel for IPOC, who have informed us that they consent to the disclosures being made pursuant to the restrictions outlined above.

| | |
|---|---|
| Dated: District of Columbia<br>       August 22, 2006 | Respectfully submitted,<br><br>HUGHES HUBBARD & REED LLP<br><br><br>By: /s/ Charles Reed<br>    Roberta Koss<br>    D.C. Bar No. 442813<br>    Charles Reed<br>    D.C. Bar No. 490833<br>    1775 I Street, N.W.<br>    Washington, D.C. 20006-2401<br>    202-721-4600<br><br>    Attorneys for Plaintiffs |

Of Counsel:

Derek J.T. Adler
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
212-837-6086