## Adler, Derek J.T.

| | |
|---|---|
| **From:** | Adler, Derek J.T. |
| **Sent:** | Thursday, July 27, 2006 3:07 PM |
| **To:** | 'Anderson, Kimball' |
| **Cc:** | Paul Rauser (prauser@aegislawgroup.com) |
| **Subject:** | IPOC v. Diligence, Subpoena to Hughes Hubbard & Reed |

Dear Kimball:

Further to our recent discussions and correspondence, we write to set out a proposal for addressing Hughes Hubbard & Reed's ("Hughes Hubbard's") objections to the subpoena directed to us in the IPOC v. Diligence matter. Without prejudice to the objections stated in my letter of July 21, 2006 to Ms. Joffe, Hughes Hubbard is authorized and prepared to satisfy the subpoena by producing the following documents under the following terms and conditions:

1. Subject to the notes below, we are prepared to produce complete copies of the following filings from the KPMG v. Diligence case: i) the Complaint; ii) my Declaration of November 9, 2005, and exhibits; iii) the Declaration of Guy Enright, and exhibits; and iv) Ms Harvey's Declaration, without exhibits (which consist entirely of the Montvale documents referred to below). Subject to the notes below, we are also prepared to make any other unredacted pleadings from KPMG v. Diligence available for inspection. (We believe that all redactions in such other materials were of information derived from the declarations above and that you will therefore not find them useful.)

2. Subject to the notes below, we are prepared to provide copies of the documents that were received at KPMG US's Montvale office.

3. Subject to the notes below, we are prepared to provide copies of the discovery we obtained in the KPMG v. Diligence action, including documents produced by Diligence, the transcript of the deposition of Diligence's corporate representative, the exhibits to that deposition, and also any materials from non-parties.

4. We will withhold from all materials the actual documents that were taken from KPMG, which comprise materials generated in the course of the confidential investigation of IPOC and related companies and are confidential under Bermuda law. We will redact where documents incorporate substantive information taken from the materials that were stolen, or otherwise reflect confidential information about the IPOC investigation.

5. We note that under the provisions of the protective order entered in the KPMG v. Diligence matter we are required, if "reasonably possible", to wait 30 days after giving notice to Diligence's counsel before disclosing materials designated by Diligence as confidential under that order. We gave Diligence's counsel notice of the subpoena on July 20, 2006. We are copying Diligence's counsel on this email to avoid any misunderstanding about our compliance with our obligations. I don't believe that we are holding materials designated as confidential by any non party, but will need to confirm this.

6. The parties will need to enter a standard confidentiality order protecting these materials from use outside of the proceedings, etc (unless one is already in effect in the action).

If this offer is acceptable, I will arrange for production of those materials not subject to the 30 day delay early next week when I am back in the office.

Best regards,

Derek